### PEOPLE *v.* WILSON.

*(Supreme Court, General Term, Third Department.* November 30, 1891.)

1. **MUNICIPAL CORPORATIONS—VALIDITY OF ORDINANCE—CONTROL OF STREETS.**

   Laws 1872, c. 150, (Kingston City Charter,) §§ 91–100, provides that "the common council shall have the powers and discharge all the duties of commissioners of highways in said city," and "to lay out, make, and open streets, * * * and cause the same to be repaired;" "to cause any street * * * to be graded, paved, or repaired;" to prescribe "of what materials" the same shall consist. Section 51 provides that, "for the purposes * * * of executing powers conferred upon the common council or upon the city by this act or otherwise, the said common council shall have power to make, establish, * * * ordinances." *Held,* that the common council had authority, under these provisions, to pass an ordinance prohibiting any person from drawing a load weighing from $2\frac{1}{2}$ to 5 tons over any paved street of the city.

2. **SAME—PROOF OF PUBLICATION OF ORDINANCE—BEST EVIDENCE.**

   The charter of the city required the ordinance in question to be published twice in two newspapers of the city, etc. A copy of the ordinance, with a certificate appended thereto, showing its due publication, was offered in evidence in a prosecution for violating the ordinance, and proved by the oath of the city clerk. *Held,* no objection being made by defendant at the trial to the introduction of the copy instead of the record of publication of the ordinance, that the record was sufficiently proven by the copy verified by the oath of the city clerk.

3. **SAME—OPINION EVIDENCE.**

   The load drawn by defendant over the street was one of blue-stone rubbish, and its weight was shown by a witness, who testified that he had been in the blue-stone business for 20 years, gave an estimate of the dimensions of the load, and stated that in his judgment its weight was about four tons. *Held,* that the opinion of the witness as to the weight of the load was properly received.

4. **SAME—VIOLATION—EVIDENCE.**

   One witness testified that he saw defendant on Union avenue with his wagon, team, and a load of rubbish, and another witness testified that he saw defendant the same day with the load on another street. *Held* sufficient to sustain a prosecution for "transporting, carrying, or drawing the load over" Union avenue.

Appeal from court of sessions, Ulster county.

Prosecution against Orson M. Wilson for violating an ordinance of the city of Kingston. From a judgment of the county sessions affirming a conviction and sentence by the recorder's court of said city defendant appeals. Affirmed.

Argued before LEARNED, P. J., and MAYHAM and LANDON, JJ.

*D. W. Sparling*, ( *Wm. Lounsbery*, of counsel,) for appellant.   *J. N. Van-derlyn*, Dist. Atty., for the People.

LANDON, J.   The defendant was convicted before the recorder of the city of Kingston of the violation of an ordinance of the city prohibiting any person from drawing or transporting a load or burden weighing from $2\frac{1}{3}$ to 5 tons over any macadamized, paved, or top-dressed street of the city, in any vehicle having a tire less than four inches wide on its wheels.   The defendant urges that the charter of the city does not authorize the making of such an ordinance.   The power is not expressly conferred.   But the charter (chapter 150, Laws 1872, § 91) provides that "the common council shall have the powers and discharge all the duties of commissioners of highways in said city;" and are vested with power "to lay out, make, and open streets," * * * "and cause the same to be repaired," (section 93;) "to cause any street * * * to be graded, paved, or repaired," (section 98;) and to prescribe "of what materials," (section 100.) "It shall be the duty of the superintendent of streets, * * * under and subject to the control of the common council, to act as overseer of highways, and take general supervision and charge of all highways and streets," (section 51.) "And for the purposes * * * of executing powers conferred upon the common council, or upon the city, by this act or otherwise, the said common council shall have full power to make, establish, * * * ordinances." Section 33, subd. 51.   The specific grant of powers for the making, grading, and repairing streets, and for their care and superintendence, coupled with the power to make such ordinances for the purpose of executing such powers, vests in the common council the power to make such ordinances as shall be reasonable for the purpose.   It is reasonable to protect paved streets from being crushed and ruined by loads of enormous weight, borne upon vehicles with wheels of narrow tires, which cut through the pavement, when a broader tire will bear the load without causing such injury.   It is reasonable that the carrier of heavy loads should so exercise his own rights as not injuriously to affect those of others.   Such an ordinance was upheld in *People* v. *James*, 16 Hun, 426, and we concur in the views there expressed upon the subject.

The charter requires that an ordinance "shall be published at least twice in the two newspapers published in said city, designated for such purpose by the common council, before it shall take effect."   The city clerk testified as follows: "Am city clerk, and was so during the year 1890.   It is my duty to keep the minutes of the common council.   Know the wide-tire ordinance. (A copy produced and recognized, and put in evidence, marked 'A.')"   Exhibit A consists of a copy of the ordinance, with such certificates appended thereto, made by the city clerk, certifying to its passage, record, correctness, and due publication, as the charter requires to be entered of record upon the minutes or records of the common council, which "record, or a copy thereof, certified by the clerk of said city, shall be presumptive evidence, in all courts and places, * * * of the due passage of such ordinance, * * * and of its having been duly published."   Section 33, subd. 51.   The criticism that the certificate presented was not a certificate of a copy of the record, but was the certificate which should be entered of record, and that the whole record itself, or a certified copy of it, should be produced, would undoubtedly be valid if the ordinance had not been proved by common-law evidence.   The city clerk, as a witness, produced what we may assume was a transcript of the record, and it was read in evidence without any objection or question. The record contained the statutory certificate of the due publication of the ordinance.   The statute makes the record itself proof of the passage and publication of the ordinance.   The record may be proved, like any other fact, by common-law evidence.   Secondary evidence is admissible at common law, un-

less objection is made to that mode of proof. None was made here, and hence the record was competently proved by producing and reading a copy of it. The weight of the load of blue-stone rubbish was shown by the testimony of a witness, who testified that he had handled blue stone, and been in the blue-stone business for 20 years; that he saw the load in question; he gave an estimate of its dimensions, and testified that in his judgment its weight was about four tons. The objection was taken that the opinion of the witness was not competent or proper. We do not think the objection tenable. Under the circumstances, it seems to have been the best evidence obtainable. Clearly, the witness was qualified to make an approximate estimate; that is to say, he knew something about the weight of that load, and knew more than the inexperienced observer. There was no other way in which he could express more accurately what he knew respecting its weight than by giving his opinion or estimate of it. It was competent for him to testify to what he knew, and to do so in the most accurate form in which he could express it. Quantities, values, times, distances, and other measurable subjects must often be measured in this way, because no better exists. *Collins* v. *Railroad Co.*, 109 N. Y. 243, 16 N. E. Rep. 50; *Harpending* v. *Shoemaker*, 37 Barb. 270; *Smith* v. *Gugerty*, 4 Barb. 614; *Townsend* v. *Brundage*, 6 Thomp. & C. 527; *McDonald* v. *Barton*, 1 Thomp. & C. 12. A witness testified that he saw the defendant on Union avenue with his team of horses and wagon, having on the load of blue-stone rubbish, and another witness testified that he saw him on the same day with the load on another street. This testimony is criticised as not showing that the defendant was "transporting, carrying, or drawing the load over" Union avenue. To conclude from this testimony that the defendant transported the load over the street on which he was seen with it is a reasonable, and not a violent, inference. We do not think the other objections require comment. The judgment should be affirmed.

All concur.