# CHARLESTON.

## O. S. CHITTUM v. THE CITY OF MORGANTOWN.

### Submitted April 1, 1924. Decided April 15, 1924.

MUNICIPAL CORPORATIONS.—*Municipality's Right to Regulate Traffic on Streets Held Not Taken Away by State Road System Law.*

By section 20, chapter 43 Barnes' Code 1923, the State Road Commission can not take over as parts of the state road system any of the streets or alleys of an incorporated city of over twenty-five hundred inhabitants. Nor until said commission has designated a particular street or alley of such city as a connecting part or link of said road system, as provided by section 101 of said general road law, the municipality is not deprived of its right and jurisdiction given by its charter and reserved by section 148 of said general law, to make and enforce reasonable by-laws, resolutions and ordinances respecting traffic upon and over its streets and alleys.

Appeal from Circuit Court, Monongalia County.

Suit by O. S. Chittum against the city of Morgantown. From a decree overruling a motion to dissolve a preliminary injunction, defendant appeals.

*Reversed, injunction dissolved; and bill dismissed.*

*Robert E. Guy,* for appellant.
*E. M. Everly,* for appellee.

MILLER, JUDGE:

The decree below, now before us for review, pronounced on March 27, 1923, overruled defendant's motion to dissolve the preliminary injunction theretofore awarded on March 5, 1923, upon bill, demurrer and answer, and general replication thereto, and ex parte affidavits filed.

In accordance with the prayer of the bill, the injunction enjoined the defendant, its officers and agents from enforcing against plaintiff an ordinance of said city, ordained on January 3, 1923, pursuant to section 29(a), chapter 15, Acts 1921 (Municipal Charters), limiting the gross weight

of vehicles, including their load, to fifteen thousand pounds, and from interfering with him while operating his trucks upon and over the streets of said city, furnishing connecting links with the state highways extending to and from said city, as alleged in the bill.

Plaintiff predicates his alleged right to operate his trucks over the particular streets of defendant specified, upon a license obtained by him from the State Road Commission, pursuant to the general law relating to public highways, passed April 21, 1921, the same day on which the municipal charter of defendant was enacted, and the provisions of the general law permitting him to operate his trucks, as he alleges, upon and over the roads and highways and over and upon "such streets and alleys of the cities and towns as constitute connecting links in the system of state roads and highways, in accordance with the laws of the state regulating traffic" over the same.

The bill alleges that in hauling coal from a mine situated on the state road leading from Morgantown to Easton and delivering it on cars at a railroad siding, plaintiff drove his trucks over and upon said highway to the said city limits, and thence southward upon and over North Willey Street to High Street, and thence southward upon and over said High Street to Pleasants Street, thence over a detour from Pleasants Street southward to Kirk Street, and upon and over Kirk Street to Deckers Creek Road, thence upon and over Deckers Creek Road across Deckers Creek to Kingwood Street, and thence upon and over said Kingwood Street to Brockway, the end of said detour, and upon and over said Brockway to said siding.

The bill does not allege that the State Road Commission has ever in fact designated said streets of said city, or either of them, so traversed by plaintiff, as connecting parts or links in the state road system. The allegation is that they do in fact constitute such connecting links, and that this fact entitles plaintiff to use them as such regardless of said ordinance, so long as he confines his loads to twenty-two thousand pounds, the limit prescribed by the general law.

Defendant not only demurred to the bill, but answered, denying that the State Road Commission had ever at any

time designated said streets so traversed by plaintiff, or any of its streets or alleys, as connecting links or parts of the state road system, and also denying that said streets, or any of them, do in fact constitute parts or links of such state road system, so as to deprive defendant of control and jurisdiction over the same.

Section 29(a) of the charter of said city provides that: "It shall be unlawful for any person, firm or corporation, to subject any of the streets of The City of Morgantown to a use, which will destroy, impair or injure the use of such streets for ordinary travel in ordinary modes.  The Council shall carry this provision into effect by appropriate ordinance or ordinances."

The ordinance passed pursuant to this provision of  the charter provides as follows:

"Section 1.  That it shall be unlawful for any person, firm or corporation, to subject any of the streets of the City of Morgantown, to a use which will destroy, impair or injure the use of such street, or streets, for ordinary travel in ordinary modes.

"Section 2: That the moving on and over the streets of said City of any truck, vehicle, wagon or machinery of any ·kind whatsoever, having a gross weight, including load, of more than fifteen thousand pounds, shall be considered as subjecting said streets to a use which will destroy, impair or injure the same, for ordinary travel in ordinary modes, and is hereby prohibited and made unlawful."

The validity of the charter and ordinance is not questioned, except as it is affected by the general statute relied on by plaintiff; and if he is wrong in his contention that the streets so traversed by him in violation of the ordinance constitute in law connecting parts or links in the state highway system, as alleged by him, then he would be amenable to the municipal ordinance and is without right to enjoin its enforcement against him.

For construction of the general law of 1921 plaintiff's counsel relies on our case of *State ex rel. Constanzo* v. *Robinson, Judge,* 87 W. Va. 374.  That case involved the construction of the general law of 1917, which differs in its controlling provisions very greatly from the present law of

1921, now in force, and which amended the prior law no doubt with reference to the decision in the Constanzo case. As observed by counsel for defendant, in pointing out some of the differences: (1) The Act of 1917 expressly includes all highways; the Act of 1921, section 20, excludes highways within incorporated cities of twenty-five hundred or more in population; (2) The Act of 1917, section 21, provided for the establishment of state roads passing *through county seats;* the Act of 1921, section 16, provides for state roads *connecting* county seats: (3) Section 118 of the Act of 1917 prescribed speed limits for all roads; section 95 of the Act of 1921, saves to municipalities the right to prescribe speed limits: (4) Under sections 138 and 139, Act of 1917, the State Road Commission was given control of all roads, streets and alleys; under the corresponding section of the Act of 1921, (section 12) the commission's right of control is limited to ''state roads'': (5) Sections 141 and 142 of the Act of 1917, among other things, provided for the distribution to municipalities of a portion of the funds received by the Commission from permits and licenses; the Act of 1921 contains no such provision. In the Constanzo case some of these provisions of the Act of 1917 were regarded as decisive of the questions involved therein.

Assuming that there is a possible conflict between the provisions of the charter law and ordinance of defendant and the state law regulating the weight of vehicles and loads passing over roads and streets, numerous propositions are advanced and discussed as to whether the general law or the special law, both enacted on the same day, should control. As we view these two statutes, there is no conflict. Under section 20 of the Act of 1921, the streets and alleys of a city with a population of over twenty-five hundred can not now be taken over by the State Road Commission; and to make them parts or links of the state road system, they must be first so designated by the State Road Commission, as provided by another section of that statute. Conceding that the bill sufficiently alleges that the streets traversed by plaintiff have been designated by proper authority as parts of or connecting links in the state road system, the

answer directly denies it, and there is no proof to support the bill on this question.

The section of the general statute of 1921 to which we have just referred, and the one which we think must control our decision, seems to have been overlooked by counsel and the parties that is, the first *Proviso* contained in section 101, as follows: "*Provided, however,* that any incorporated town or city in this state shall have power to enact and enforce ordinances and regulations limiting the speed, size and weight of vehicles upon such streets, alleys and other public thoroughfares within its limits as are not designated by the state road commission as connecting parts of the state road system." So that, until a street or alley in a municipality of over twenty-five hundred inhabitants has been designated by the State Road Commission as a part of or connecting link in the state road system, it does not in law become such a link, and the jurisdiction and control of the municipality over the same, reserved by section 148 of the general road law, is not lost or limited. Wherefore, the streets of defendant city so used by plaintiff in violation of the ordinance not having been previously designated as such links by the State Road Commission, constitute no part of said road system, and the plaintiff was liable to the reasonable regulation of traffic over the same, and has no right to enjoin prosecution for his violation of the ordinance respecting the same.

The decree below will therefore be reversed, the injunction dissolved and the bill dismissed.

*Reversed, injunction dissolved; and bill dismissed.*