## City of Ashland, et al. v. Ashland Supply Company.

(Decided June 15, 1928.)

### Appeal from Boyd Circuit Court.

1. Statutes.—Chapters 111 and 113 of Acts 1926, affecting maximum loads and widths of tires, which became effective on the same day, should be read together and must be construed, if possible, to give effect to both.

2. Highways.—Ordinarily the use of public highways is subject to reasonable regulations by the authorities charged by law with the care and maintenance of such highways, and such authority to regulate includes the fixing of maximum loads.

3. Municipal Corporations.—Even in the absence of Ky. Stats., sec. 3058-17, municipal corporations having general authority to construct, maintain, and repair streets would have authority to adopt reasonable regulations affecting maximum loads.

4. Municipal Corporations.—An ordinance which regulates the manner in which streets shall be used is valid, unless it is unreasonable and oppressive or is in conflict with state legislation on the subject.

5. Municipal Corporations.—Ordinance of city of Ashland fixing maximum loads held not unreasonable.

6. Municipal Corporations.—Ordinance of city of Ashland fixing maximum loads held not in conflict with Acts 1926, c. 113; it being

evident that the Legislature, in the enactment of such statute and chapter 111, intended to leave the matter of maximum loads on city streets open to regulation by the cities involved.

7. Municipal Corporations.—Acts 1926, c. 111, relating to maximum loads, held not applicable to city streets.

8. Municipal Corporations.—The right of a municipality to adopt and enforce reasonable regulations for the protection of its streets from injury should not be taken away unless it clearly appears that the Legislature so intended.

JOHN T. DIEDERICH, JNO. P. BRADY and A. W. MANN for appellants.

WOODS, STEWART & SMOOT for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On May 1, 1928, the general council of the city of Ashland adopted an ordinance limiting in certain respects the use of the city streets by commercial motor vehicles. Section 3 of the ordinance reads:

"No motortruck, tractor, trailer or motor vehicle used for commercial purposes shall be loaded or operated upon the streets, highways, thoroughfares or alleys of the city of Ashland, if the combined weight of vehicle and load exceed ten tons, unless permission for the operation of said motor vehicle upon the streets of the city shall have been obtained in writing from the superintendent of public works of the city, which permit shall designate what streets may be used by the applicant and said applicant shall not use any other street or route. The said permit shall be kept by the person driving said motor vehicle at all times during the period for which it is granted and shall be subject to examination by the police department of the city of Ashland at any time."

Section 4 provides that, before permission to operate any motor vehicles of a gross weight exceeding ten tons over the streets of the city shall be issued, the person, firm, or corporation making application therefor shall execute bond to indemnify the city against any damage. Section 5 gives the superintendent of public works authority to close any street or part of a street to motortrucks, tractors, trailers, or motor vehicles used for com-

mercial purposes when in his judgment the use of such streets or parts of streets would be injurious thereto.

Appellee operates a number of motortrucks having a capacity of more than ten tons, and, conceiving the ordinance in question to be in conflict with chapter 113 of the Acts of the General Assembly of 1926 and for that reason void, it brought this action, in which it sought to enjoin the city, its officers and agents, from enforcing the ordinance. Upon a final hearing the lower court granted the plaintiff the relief sought, and the city has appealed.

Subsection (b) of section 2, c. 113, of the Acts of 1926, now section 2739g-33, subsec. (b), Kentucky Statutes, reads:

> "*Width of Tire*—No person shall operate a vehicle on a public highway which has a greater weight on any tire per inch of width of same which is in contact with the surface of the highway than: For iron or steel tires, 500 lbs. For solid rubber or rubber compounded tires, of more than 800 lbs.

Section 1, subsec. (f), of chapter 113, Acts of 1926, now section 2739g-1, subsec. (f), Kentucky Statutes, defines highways as follows:

> "Wherever and whenever the word 'highway' is used herein, it shall mean any and all public highways, roads and passways, no matter of what type of construction, and all boulevards, parkways, streets and public alleys of any and all incorporated cities and towns, as well as the same in unincorporated towns and villages of this commonwealth."

Section 2 of chapter 111, Acts of 1926 (section 4346a-1, Kentucky Statutes), provides:

> "That it shall be unlawful for any person, firm, association or corporation to haul over any turnpike, macadam, gravel or other hard surfaced road, at any season of the year, on . . . any vehicle with solid rubber or rubber-compounded tires, any load the combined weight of which load, vehicle and driver shall be more than eight hundred pounds per inch of combined tire width, all tires included, and such combined width calculated as the sum of the width of the four tires as per manufacturers' list."

Section 5 of the same act (section 4346a-4, Kentucky Statutes), reads:

"No load, except the emergency load or loads herein provided for, shall exceed in width of either truck or load ninety inches; and no single vehicular unit of four wheels or less (tractors and semi-trailers to be regarded as separate units) shall exceed a total weight of twenty-eight thousand pounds; or exceeding eighteen thousand pounds on any one axle of the vehicle or any additional axles of semi-trailers or trailers."

Chapters 111 and 113 of the Acts of 1926 became effective on the same day, and they must be read together, and must be so construed, if possible, as to give effect to each. Naylor v. Board of Education, 216 Ky. 766, 288 S. W. 690.

Ordinarily the use of public highways is subject to reasonable regulations by the authorities charged by law with the care and maintenance of such highways, and it is only reasonable that the weight of loads to be hauled over the highways should be subject to the control of these authorities. In Home Laundry Co. v. City of Louisville, Ky., 168 Ky. 499, 182 S. W. 645, this court said:

"It is within the authority of a city, if beneficial to the public, to control by reasonable regulations the use which may be made of certain streets, as by limiting the weight of loads which may be hauled over them upon vehicles having tires beneath a prescribed width, and it has also been held that a municipality may prohibit the moving of a load beyond a certain weight over a paved street."

Section 3058-17, Kentucky Statutes. provides that the general council of a city of the second class shall have power by ordinance "to forbid large and heavy loaded vehicles from passing along particular street or streets." Without this provision, however, under the general authority conferred upon it to construct, maintain, and repair streets, the city would have authority to adopt reasonable regulations to protect its streets. Home Laundry Co. v. City of Louisville, supra; People v. Wilson, 62 Hun, 618, 16 N. Y. S. 583.

An ordinance which regulates the manner in which streets shall be used is valid, unless it is unreasonable

and oppressive or is in conflict with state legislation upon the subject. As we view it, the ordinance in question is not unreasonable, and unless in conflict with chapter 113 of the Acts of 1926, is valid. This act measures the load that may be hauled in a vehicle on a public highway by the width of the tires of the vehicle, the weight permitted not to exceed 800 pounds per inch of width of solid rubber or rubber compounded tires. The act does not fix a limit to the total weight, and this act is applicable to all public highways including city streets.

Chapter 111 of the Acts of 1926 limits the load that may be carried by any vehicle with solid rubber or rubber compounded tires to 28,000 pounds, including the combined weight of load, vehicle, and driver. This act is not applicable to city streets. This would indicate that the Legisltaure, in enacting the two acts in question, intended that the fixing of the maximum weight of vehicles using city streets should be left to the city. In this respect they supersede chapter 22 of the Acts of 1918, section 4345a-1, et seq., Kentucky Statutes.

Appellee relies upon the case of State ex rel. Constanzo v. Robinson, 87 W. Va. 374, 104 S. E. 473. The Supreme Court of West Virginia there held that the city of Wheeling could not regulate the load of motor vehicles over its streets because the ordinance was in conflict with the act of 1917, known as the Good Roads Law, which specifically limited the size of vehicles and the weight of loads unless a permit to exceed that limit was obtained from the state road commissioners. The act also provided that the state road commissioners should have full power to make and enforce rules and regulations for the protection of all streets and roads from unnecessary damage by the operation of motor vehicles. The act of 1917 also provided for the distribution to municipalities for the upkeep of city streets of a portion of the funds received by the state road commission from permits and licenses. The Legislature of West Virginia, apparently recognizing the unfairness to cities of the act of 1917 as construed in the Constanzo case, in 1921 repealed many of the provisions of the act of 1917 and expressly granted to cities the power to enact ordinances regulating the weight of vehicles upon such streets within their limits as are not designated by the state road commission as connecting parts of the state road system.

Chittum v. City of Morgantown, 96 W. Va. 260, 122 S. E. 740.

Appellee also relies on Mendel v. Dorman, 202 Ky. 29, 258 S. W. 936. In that case we had before us an ordinance of the city of Louisville attempting to regulate the speed of automobiles on the city streets, and it was held invalid because in conflict with the Act of March 23, 1920, section 2739g-51, Kentucky Statutes. The act of 1920 fixed the maximum rate of speed for automobiles both in the country and in cities and covered the entire subject of speed regulation. That such a regulation should be uniform throughout the state for the better protection of life is apparent. Such a necessity for uniformity does not exist when the Legislature undertakes to prescribe the maximum weight of loads which may be moved upon public highways. The city is in better position to judge of its economic needs and knowledge of its own necessities might lead it to construct streets of such heavy material in certain sections as to make proper the passage over them of vehicles carrying loads heavier than any that could be carried through other sections of the city without injury to its streets, or heavier than permitted by law to be carried over state and county roads. The state makes no contribution to the construction or maintenance of city streets which have not been accepted as parts of state highways. The cost of maintenance and repairs must be borne by the city, and its right to adopt and enforce reasonable regulations for the protection of its streets from injury should not be taken away unless it clearly appears that the Legislature so intended.

A careful examination of the various acts of the Legislature convinces us that it has not attempted in regulating the loads to be moved upon the public highways to cover the whole subject, but, in so far as streets are concerned, has left that matter open to the cities.

As it does not appear that the regulations provided for in the ordinance in question are unreasonable or oppressive, the judgment is reversed, with directions to dismiss the petition.

The whole court sitting.