**Eric Lester PIERCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–SC–848–DG.**

Supreme Court of Kentucky.

Oct. 19, 1989.

James F. Ogden, Covington, for appellant.

Larry J. Crigler, Burlington, for appellee.

Hugh O. Skees, Florence, for amicus curiae.

LAMBERT, Justice.

The question in this case is whether a city, by local ordinance proscribing solicitation to commit sodomy, may redefine the elements of the offense and impose criminal penalties four times greater than allowed by state statute for the same violation. We have determined that it may not.

Appellant Pierce was convicted in the Boone District Court of criminal solicitation to commit sodomy under City of Florence Ordinance No. 0–33–85. Appellant was fined $500.00 and sentenced to six months in the county jail. He was also convicted, fined and sentenced for escape, but this conviction is not before us. Upon appeal to the Boone Circuit court, both convictions were affirmed. The Court of Appeals denied Pierce's motion for discretionary review. Appellant sought review before this Court. We granted discretionary review to consider the conviction for violation of the sodomy ordinance.

Appellant contends, as he did in each of the courts below, that Florence Ordinance No. 0–33–85 conflicts with KRS 506.030, and thus is invalid. The statute states:

"(1) A person is guilty of criminal solicitation when, with the intent of promoting or facilitating the commission of a crime, he *commands or encourages* another person to engage in specific conduct which would constitute that crime or an attempt to commit that crime or which would establish the other's complicity in its commission or attempted commission.

(2) A criminal solicitation is a:

(a) Class B felony when the crime solicited is a class A felony or capital offense;

(b) Class C felony when the crime solicited is a Class B felony;

(c) Class A misdemeanor when the crime solicited is a Class C or D felony;

(d) Class B misdemeanor when the crime solicited is a misdemeanor." *Id.* (Emphasis added.)

Unlike the state statute quoted above, the ordinance under attack addresses itself specifically to solicitation to violate KRS 510.100, the offense of Sodomy in the Fourth Degree, which is a Class A misdemeanor. Under KRS 506.030(d), solicitation to commit a misdemeanor is punishable as a Class B misdemeanor for which the maximum penalty is ninety days imprisonment and a $250.00 fine. KRS 532.090(2) and KRS 534.040. Upon his conviction for violation of the ordinance, appellant was sentenced to six months in jail and a fine of $500.00, twice the period of imprisonment and twice the amount of fine which could have been imposed under the statute.

In addition to enlarged penalties, Florence Ordinance No. 0–33–85 also attempts to prohibit local sodomy solicitation by defining the offense more broadly than the state penal code provisions. The ordinance is as follows:

"Section I

It shall be a criminal offense for a person to solicit, invite, influence or encourage another person *by speech, gesture, or any other form of communication,* to engage in or attempt to engage in conduct which would constitute a violation of the provisions of K.R.S. 510.100, in the City of Florence, Kentucky, with the intent to promote or facilitate such conduct.

Section II

Any person convicted of the offense hereinabove established *shall be fined not less than $100.00 nor more than $500.00, and/or imprisoned for not more than one (1) year." Id.* (Emphasis added.)

As can be seen, the ordinance prohibits sodomy solicitation more explicitly than does KRS 506.030 in combination with KRS 510.100, but in either instance, solicitation of the same illegal act is condemned and made unlawful. Thus the ordinance enacted by the City of Florence directly addresses criminal conduct which is comprehensively addressed by state statutes. Moreover, the ordinance is subject to a more expansive interpretation allowing for the possibility of abusive arrest and prosecution not likely under state law. As the General Assembly chose the language used in the statute, we must conclude it did so intentionally and we cannot approve an ordinance which amounts to an enlargement of the conduct proscribed by the act of the General Assembly. We are also concerned that under the expansive language of the ordinance there is a possibility that an inadvertent act would appear to be a violation when in fact it is but an innocent behavioral idiosyncrasy.

Under KRS 82.082, the so-called "Home Rule" statute, municipalities may act in furtherance of a public purpose, so long as the exercise of power is "not in conflict with a constitutional provision or statute." KRS 82.082(1).

"A power or function is in conflict with a statute if it is expressly prohibited by a statute or *there is a comprehensive* *scheme of legislation on the same general subject embodied in the Kentucky Revised Statutes."* KRS 82.082(2) (emphasis added).

Appellee argues that the ordinance neither permits or licenses acts or conduct the statute prohibits, nor forbids or prohibits things the statute permits. Further, it contends, KRS 506.030 is merely a general prohibition against criminal solicitation and not a comprehensive scheme which preempts local authority to enact an ordinance dealing with the same subject matter. Appellee concludes that the ordinance does not conflict with KRS 506.030. We disagree.

In enacting KRS 506.030, the General Assembly designed a comprehensive approach to prohibiting the solicitation of criminal acts, which includes a coherent classification scheme for determining the range of penalties from which an appropriate punishment may be imposed. The Florence Ordinance conflicts with the statute by its description of the proscribed conduct and by the excessive penalty it authorizes. For this reason, it is an invalid exercise of the power granted to cities under KRS 82.082.

Because Florence Ordinance No. 0-33-85, under which appellant was convicted, is invalid, we reverse appellant's conviction and remand this cause to the Boone District Court for further proceedings consistent with this opinion.

STEPHENS, C.J., and COMBS and LEIBSON, JJ., concur.

VANCE, J., dissents by separate opinion in which GANT, J., joins.

WINTERSHEIMER, J., dissents by separate opinion.

VANCE, Justice, dissenting.

This case was tried in district court, and on the direct appeal granted by the Kentucky Constitution, was affirmed by the circuit court. Thereafter, a petition for discretionary review was denied by the Court of Appeals. We then granted the petition for discretionary review which was

filed in this court. By that action the majority of this court agreed to review the decision of the Court of Appeals. The Court of Appeals' decision, however, was simply the exercise of its discretion not to review the case. Our review of the Court of Appeals' decision is limited, therefore, to a review of whether the Court of Appeals abused its discretion when it decided not to review the decision of the circuit court. In my opinion we cannot, in our review of the decision of the Court of Appeals, reach the merits of this case because the Court of Appeals has made no decision on the merits.

I believe the limit of our authority is to hold that the Court of Appeals abused its discretion in declining review of this case and to remand the case to the Court of Appeals with direction that it grant the petition for review.

I do not believe the Court of Appeals abused its discretion in this case. The Kentucky Constitution guarantees one appeal to a higher court. The appeal from the district court to the circuit court fulfilled that constitutional guarantee in this case. Further review by an appellate court is discretionary with the court in which the review is sought.

The purpose of this procedure is to allow appellate courts some discretion to keep their docket from becoming overcrowded with matters which have already been reviewed on one appeal and which the court does not deem of such significance as to merit further review. The caseload of the Court of Appeals is extremely heavy, and I do not find fault with its decision to decline review of this case.

GANT, J., joins in this dissent.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the Florence ordinance does not conflict with the statute and the statute does not preempt the field of criminal solicitation of sodomy.

Pursuant to K.R.S. 82.082, the Home Rule statute, the statutory authority which forms the basis for the enactment of the city ordinance is a valid exercise of municipal legislative authority in furtherance of a public purpose of the city. The test for determining whether a city ordinance conflicts with a state statute is whether the ordinance is in conflict with a constitutional provision or statute. K.R.S. 82.082(2) provides that a power is in conflict with a statute if it is expressly prohibited by a statute or there is a comprehensive scheme of legislation on the same general subject. The city ordinance is valid because there is no *comprehensive* system of legislation on the same general subject in the statutes. K.R.S. 506.030 is a general prohibition against criminal solicitation while the city ordinance is a specific prohibition against criminal solicitation of sodomy. *Commonwealth v. Do, Inc.*, Ky., 674 S.W.2d 519 (1984) recognized that there are many individual situations where local police power may operate on the same subject matter to supplement the general law by providing for additional reasonable requirements. Florence ordinance is an example of application of local police power to the specific problem of activities at certain restrooms in a shopping mall and at an interstate rest stop. The ordinance was an appropriate response to numerous complaints and repeated incidents of activities which the ordinance has attempted to curtail.

The ordinance is not invalid because of preemption of the subject matter. *Do, Inc., supra,* indicates that in areas of the public health, a state statute may not necessarily preempt the entire field and local communities could enact ordinances dealing with the same subject matter. The constitutional limitations on the exercise of police power to regulate health is a matter of reasonableness. The mere presence of the state in a particular area of the law will not automatically eliminate local authority to regulate. Concurrent local regulation was held valid in *City of Ashland v. Ashland Supply Co.*, 225 Ky. 123, 7 S.W.2d 833 (1928), unless it is unreasonable and oppressive and conflicts with state law.

The doctrine of preemption is often confused with the doctrine that provides there

should be no conflict between state and local regulations. Municipal regulation is not always precluded simply because the legislature has taken some action in regard to the same subject matter. The true test of concurrent authority is absence of conflict. The state statute prohibits criminal solicitation and the city ordinance specifically prohibits criminal solicitation to commit sodomy. The specific state statute is a general description of soliciation which may be applied to any crime. The ordinance deals specifically with solicitation for sodomy and is directed to a local problem. The city ordinance does not conflict with the statute and therefore is not preempted by it.

The ordinance is not invalid because it imposes a penalty greater than that imposed by the legislature. K.R.S. 534.040(2) specifically exempts offenses defined outside the penal code from the penalty limiting provisions of the code. This principal is clearly stated in *Commonwealth v. Schindler*, Ky., 685 S.W.2d 544 (1984) which certified the law in regard to an alleged conflict in state statute. This ordinance creates an offense defined outside the penal code and the penalties are not controlled by the code.

Kentucky Constitution Section 168 provides that a city ordinance may not fix a penalty less than the statute for the same offense. This section does not prohibit a municipal corporation from fixing by ordinance a penalty for a violation thereof above the minimum fixed by statute. Obviously, the Kentucky Constitution recognizes the authority of both state and city to operate in the same general field of the law absent any conflict. The constitutional provision specifically forbids the city from imposing any *lesser* penalty for the same offense. There is no constitutional prohibition for the establishment of a higher penalty for the same offense.

However, it is not necessary to reach that situation because the Florence ordinance does not prohibit an act that the statute permits and the state statute does not preempt the entire field of criminal solicitation because it is a general and not a comprehensive system of legislation. The city ordinance deals specifically with sodomy as a question of criminal solicitation in that it affects public health and it is outside the area defined by the penal code. The application of any of these principles clearly indicates that the city of Florence can act in the manner it has chosen to act.

Therefore I would affirm the conviction.