In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00204-CV**
_____

**IN RE BESTWAY OILFIELD, INC.**

_____

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 19-02-02065-CV**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Bestway Oilfield, Inc. ("Relator" or "Bestway"), argues the trial court improperly applied the discovery rules to exclude its sole rebuttal witness on American Petroleum Institute ("API") standards in a lawsuit where a purchaser, Sentry Wellhead Systems, LLC ("Plaintiff" or "Sentry"), claims Bestway failed to provide the proper documentation for oilfield valves and other parts allegedly not in compliance with API standards. Bestway also complains that the trial court did not grant Bestway leave to re-depose Sentry's expert witness

1

and designate a new rebuttal witness following Sentry's untimely production of notes prepared by the expert and an untimely document production on the eve of trial. We conditionally grant mandamus relief.

Bestway first designated its President, Mark Albert, as an expert in December 2019. The designation stated that Albert "will have reviewed, if necessary, various documents and items related to this case[.]" The list of potential items reviewed included "pleadings, correspondence and documents between the parties, the products, discovery, deposition transcripts, and other matters between the date of this expert designation and through trial." In November 2020, Bestway amended its designation to disclose that

> Mark Albert is the President of Defendant Bestway and has knowledge of whether Defendant's products comply with American Petroleum Institute (API) standards. Based on his experience, Mr. Albert will testify that the products complied with API standards, industry standards, and the parties' agreed course of dealing, that Sentry received the products it agreed to purchase but has not paid for, and that any issue with traceability or value of the products was a result of Sentry's or a third-party's actions.

After deposing Albert on February 4, 2021, the real party in interest, Sentry, filed a motion to exclude his testimony because Bestway failed to identify the documents Albert actually reviewed. According to Sentry, Bestway produced two sets of documents, each containing more than 600 pages, with substantial duplication of material in the two sets. In his deposition, Albert stated that he reviewed five or six material test reports (MTRs), but out of documentation for thirty-two valves he

2

was unable to identify which ones he reviewed. The MTRs include a Certificate of Conformity evidencing that the product was inspected by the manufacturer and conformed to API standards. However, it should be noted that Albert's rebuttal bases and opinions are based upon API standards and not the manufacturer's individual MTRs.

Sentry complained that Albert failed to provide sufficient facts to support the opinions he expressed, failed to identify the methodology for his opinions, and failed to disclose the material he reviewed in anticipation of his testimony. Sentry argued that Bestway failed to comply with the trial court's docket control order, which on penalty of exclusion required each party to file with the trial court a list of the party's experts that provides each expert's name, address, telephone number, subject of testimony and opinion to be offered. Additionally, Sentry argued that Bestway failed to provide or supplement the required expert disclosure.

The trial court struck Albert as an expert witness but ruled that Albert could testify as a fact witness. Bestway moved for reconsideration. On June 15, 2021, the trial court signed an order clarifying that Albert's expert testimony would be excluded by operation of Rule 193.6 of the Texas Rules of Civil Procedure, which provides that if a party fails to make, amend, or supplement a discovery response in a timely manner, that party may not introduce in evidence the material or information that was not timely disclosed or offer the testimony of a witness (other than a named

party) who was not timely identified, unless the court finds there was good cause for the failure and it will not unfairly surprise or unfairly prejudice the other party. *See* Tex. R. Civ. P. 193.6. The trial court did not rule on the alternative grounds for exclusion argued by Sentry in its motion.

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

Although Sentry presented additional complaints about Bestway's discovery responses, the trial court ruled that Albert's expert testimony must be excluded because Bestway failed to identify the information reviewed by Albert. The general exclusion required by Rule 193.6 applies when a party fails to make, amend, or supplement a discovery response in a timely manner. *See* Tex. R. Civ. P. 193.6(a). The rule's expert disclosure requirement may be met without attaching the documents to the disclosure if the party provides ample notice of the testifying expert's experience and the data from which he drew his conclusions. *See SCTW*

4

*Health Care Ctr., Inc. v. AAR Inc.*, No. 01-07-00762-CV, 2009 WL 3321399, at \*6–7 (Tex. App.—Houston [1st Dist.] Oct. 15, 2009, no pet.) (mem. op.).

Bestway disclosed the identity of its expert, disclosed Albert's opinion that the products Bestway sold to Sentry were certified by an API 6A manufacturer licensed at the time of manufacture, and produced the manufacturers' MTRs then in its possession. In other words, Bestway was a distributor of products created by a manufacturer that was a certified API manufacturer, and the manufacturer created the MTRs. As such, Albert's primary rebuttal was that the API standards applied to API manufacturers and not Bestway as the distributer. Although Albert admitted in his deposition that he had not read every MTR and could not identify exactly which ones he did read, the documents that were available for his review were produced so that he could be cross-examined on them. Under these circumstances, where the witness admitted he did not read the MTRs for all of the valves at issue in the case, but Bestway disclosed the material to the opposing party, the automatic exclusion for failure to timely make, amend, or supplement a discovery response did not apply to all of Albert's expert testimony, because Bestway made a timely disclosure of Albert's identity and the substance of his testimony and timely produced the documents Albert reviewed in anticipation of his testimony. *See* Tex. R. Civ. P.

5

193.6. We conclude that the trial court abused its discretion by applying the Rule 193.6 exclusion to information that was timely disclosed and timely produced.[1]

Appeal is not an adequate remedy if the trial court's discovery order vitiates or severely compromises the party's ability to present a viable defense. *In re Allstate Indemnity Co.*, 622 S.W.3d 879, 883 (Tex. 2021). Since Albert is the sole defense witness regarding Sentry's claims that the equipment sold by Bestway does not meet API standards, excluding Albert's expert testimony severely limits Bestway's ability to present a viable defense to Sentry's claims, and Bestway does not have an adequate remedy by appeal.

Bestway also claims the trial court abused its discretion by denying Bestway's request to re-depose Sentry's API expert, Johan Lopez. Bestway complains that Lopez failed to preserve her first set of notes and Sentry produced her second set of notes after Bestway took her deposition. Lopez stated she created the notes to correlate the MTRs that Bestway produced in discovery with the particular valves purchased by Sentry. Lopez claimed that she did not rely on the notes for her expert opinions. Bestway argues the trial court's ruling restricts its right to investigate Lopez's opinions. Bestway further argues that it had no duty to designate a rebuttal expert until Sentry produced Lopez's notes because the party seeking affirmative

---

[1]As such, we will not address the trial court's striking Albert's testimony on API compliance when the only issue before the court was the MTR issue.

relief must designate its expert before all other experts. *See* Tex. R. Civ. P. 195.2. In response, Sentry argues that the timing of Bestway's request for another deposition suggests the request is simply an attempt to develop testimony that would justify permitting Albert to testify in rebuttal.

Courts should not interpret the Rules of Civil Procedure in a manner that allows for trial by ambush. *See Reid Rd. Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 851 (Tex. 2011). So, the question is whether Bestway is entitled to mandamus relief. As set forth in *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 785 (Tex. App.—Fort Worth 2009, orig. proceeding) (citations omitted):

> But a party will not have an adequate remedy by appeal (1) when the appellate court would not be able to cure the trial court's discovery error, (2) when the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error, or (3) when the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record.

In this case, the trial court allowed "surprise expert testimony" and "manipulative conduct designed to thwart the expert disclosure and discovery process," without giving Bestway the right to properly investigate or depose the expert. *See Speedy Stop Food Stores, Ltd.*, 337 S.W.3d at 851. Therefore, mandamus relief is appropriate for the erroneous denial of discovery that effectively denies the party a reasonable opportunity to develop the case on its merits. *See Walker v. Packer*, 827

S.W.2d 833, 843 (Tex. 1992) (orig. proceeding). Sentry produced Lopez's notes after Bestway deposed her. The production was not timely and severely compromised Bestway's ability to present a viable defense at trial because Bestway was unable to question Lopez about Sentry's specific complaints as they correlate to each MTR and valve. In fact, Sentry withheld the document production for almost a year, which the trial court recognized as a "document dump" on the eve of trial; however, the trial court did not provide a remedy for same. Therefore, we conclude that the trial court abused its discretion by entering its June 15, 2021, Order Denying Leave to Depose Plaintiff's Expert Johan Lopez, and Bestway lacks an adequate remedy by appeal. The trial court also abused its discretion in denying Relator's right to designate a new rebuttal expert to Ms. Lopez's newly disclosed expert notes and opinions, because Rule 195 requires the party seeking affirmative relief on a claim to designate experts, and "furnish information requested under 194.2(f)," before the defending party must designate rebuttal experts. Tex. R. Civ. P. 195.2.

In conclusion, the trial court's exclusion of Mark Albert as an expert witness under Texas Rule of Civil Procedure 193.6 was an abuse of discretion for which Bestway lacks an adequate remedy by appeal. In addition, the trial court's denial of Bestway's Motion to Depose Sentry's expert was an abuse of discretion for which Bestway lacks an adequate remedy by appeal. We are confident that the trial court will vacate its April 3, 2021, Order Striking Rebuttal Expert and its June 15, 2021,

8

Order Denying Leave to Depose Plaintiff's Expert. Finally, after Sentry's expert is re-deposed, we are confident that the trial court will allow Bestway to designate a new rebuttal witness as discussed above. A writ of mandamus will issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on August 6, 2021
Opinion Delivered August 31, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.