## Jones, et al. v. City of Paducah.

(Decided March 10, 1914.) .

### Appeal from McCracken Circuit Court.

1. Municipal Corporations—Ordinance Licensing Illegal Business Void.—Where an ordinance undertook to require money lenders who charged interest in excess of 12 per cent to pay a license fee and subjected them to a penalty for the failure so to do, the ordinance was void, as money lenders are not authorized by law to charge more than 6 per cent interest and the city could not by ordinance authorize them to charge 12 per cent, or any sum in excess of 6 per cent.

2. Municipal Corporations—Ordinances in Violation of Charter or State Law Void.—An ordinance that violates a provision of a city charter or a statute of the State is void.

3. Municipal Corporations—Ordinances—License Fees.—A city can not by ordinance legalize an illegal thing or impose a license fee that will give authority to do an illegal thing, nor can it, under such an ordinance, punish a person who refuses to take out the license.

BERRY & GRASSH'AM for appellants.

A. Y. MARTIN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Re-instating injunction.

The City of Paducah enacted an ordinance providing in one section that "Any person, firm or corporation desiring to engage in the loan of money in amounts less than one hundred dollars in the City of Paducah, Ky., at a rate of interest in excess of 12 per cent per annum. shall first obtain a license so to do from said city, which shall be issued by the clerk of said city upon the compliance by the applicant with the provisions of this ordinance."

Section two, sets out the conditions the applicant for license shall comply with, and section three reads: "Any person, firm or corporation that shall carry on or conduct any business in the city of Paducah wherein money is loaned in amounts less than one hundred dollars at a rate of interest more than 12 per cent per annum, or 1 per cent per month, shall pay a license tax therefor to the city of Paducah in the sum of $500 per annum, payable as follows, to-wit: $250 on January first and $250 at the expiration of six months thereafter."

Section four reads: "The loans herein referred to shall embrace and comprise every character of loan of money, whether secured or unsecured. No note or other writing shall be accepted or required by any such person firm or corporation which does not show on its face the exact amount of money loaned and the interest charged thereon."

Section five provides: "Any person, firm or corporation that shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor and subject to a fine of not less than $15 or more than $50 for each offense."

Jones and others brought this suit to enjoin the city from enforcing the provisious of this ordinance, and alleged in their petition among other things that they and each of them "are engaged in loaning money in the city of Paducah, sometimes in amounts less than one hundred dollars and at a rate of interest exceeding 12 per cent per annum." The petition further set up several reasons why, in the opinion of the plaintiffs, the ordinance should be declared invalid.

The judge of the circuit court granted a temporary injunction, and afterwards, on the day named in the order when the application for an injunction would be heard and disposed of, dissolved the injunction, and the matter comes before me on the motion of the petitioners to re-instate the temporary injunction dissolved by the circuit judge.

Section 2218 of the Kentucky Statutes provides that "legal interest shall be at the rate of six dollars upon the one hundred dollars for one year, and at the same rate for a greater or less sum and for a longer or shorter time."

Section 2219 declares that "all contracts and assurances made, directly or indirectly, for the loan or forbearance of money, or other thing of value, at a greater rate than legal interest, shall be void for the excess over the legal interest."

Paducah is a city of the second class, and cities of this class are invested by section 3038 of the Kentucky Statutes" with power to govern themselves in all fiscal prudential and municipal concerns by such ordinances and resolutions as they may deem proper, not in conflict with this Act or the Constitution of the State of Kentucky."

Nowhere in the Act creating cities of this class do I find any authority, express or implied, conferred upon the cities of this class to enact any ordinance or resolution in conflict with the general laws of the State or in conflict with the sections of the general laws that have been quoted, regulating the rate of interest that may be charged for the use or forbearance of money. This being the condition of the general laws of the State and the law creating cities of the second class, it is at once apparent that the city of Paducah, by the enactment of this ordinance, undertook to grant authority to the money lenders in the city of Paducah, upon the payment of the license provided, to violate the laws of the State, and I think that it is equally apparent that the city council had no authority to do this.

Of course this ordinance would afford no protection under the general laws of the State to the persons who obtained license under it, but evidently its purpose was to protect them in so far as the authority of the City of Paducah could do so. This curious ordinance undertakes to legalize the collection, so far as the city could do so, of 6 per cent interest in excess of the legal interest, but proposed to inflict a penalty on any money lender who charged more than 6 per cent illegal interest; or, in other words, to legalize an illegal thing.

The City of Paducah had the right to impose upon the trade or business these petitioners were engaged in, a license fee, but this power does not carry with it the authority to exact a license fee for the doing of a thing forbidden by the general laws of the State.

It is said that the petitioners admitted that they were engaged in the business of exacting illegal rates of interest, and for this reason should be denied any relief, but in this proceeding I am not concerned with the illegality of the business in which the petitioners are engaged, but only with the ordinance of the city attempting to legalize their illegal acts. The fact that the petitioners were violating the general laws of the State did not authorize the city council of Paducah to license them to do so. Nor does the fact that a person is guilty of the violation of a statute authorize the imposition upon him of an unauthorized penalty. Persons who violate the criminal laws of the State, or engage in business forbidden by the civil laws of the State, are subject to the punishment and amenable to the remedies allowed by law, and to the law

the public as well as the individual must look for the re-dress of wrongs and the enforcement of rights.

For the reasons indicated, I think the ordinance is wholly void, and therefore the motion to re-instate the injunction is sustained. The whole court sat with me in the consideration of this question and concur in this opinion.