Roy **BARNES** et al., Appellants,

v.

John J. **JACOBSEN** et al., Appellees.

Court of Appeals of Kentucky.

June 30, 1967.

Asa M. Rouse, Walton, for appellants.

Robert F. Greene, Burlington, Franklin P. Hays, Skaggs & Hays, Louisville, William P. McEvoy, Florence, for appellees.

STEINFELD, Judge.

This is an appeal from a judgment declaring various rights with respect to a bond issue to finance the construction of a waterworks system in Boone County, Kentucky.

Several years ago a water district was formed for Boone County. KRS Chapter 74. Recently the Board of Commissioners decided and acted to issue $2,200,000.00 of bonds to enable it to build a waterworks system for that area. The bonds were to bear date of April 1, 1967, and to mature in varying amounts from April 1, 1972, to April 1, 2007. On January 19, 1967, the Commissioners filed with the Boone County Court their final report containing the information required by KRS 74.130. On that date the court accepted the report and directed that notice be published. KRS 74.140. The notice appeared in the Boone County Recorder on January 26, 1967. It stated the place of the hearing and that it would occur on February 10, 1967.

No one excepted to the report or objected at the hearing. KRS 74.140. The court entered judgment confirming the report and there has been no appeal from or attack on the judgment except in these proceedings.

The circuit court declared that the issuance of the bonds for the purpose indicated was authorized by Chapters 58 and 74 of the Kentucky Revised Statutes. The law is well settled that bonds for such public improvements may be issued. Middendorf, et al. v. Jameson, et al., 265 Ky. 111, 95 S.W.2d 1057; Theobald, et al. v. Board of Com'rs of Buechel Water Dist., et al., 288 Ky. 720, 157 S.W.2d 285.

On March 9, 1967, the members of the Board of Water Commissioners and the Board of Health of Boone County, the appellees, sued in the Boone Circuit Court

seeking a declaration of rights. KRS 418.040; CR 57. They named as defendants Roy and Lucille Barnes, individually and as representatives of the class of all present and future citizens, residents and taxpayers of the Water District. CR 23.01. Issues were joined on the questions adjudicated by the circuit court and which we discuss in this opinion. That court declared the rights of the parties and now before us is an appeal raising only three questions.

■ It is contended that the judgment of the Boone County Court entered February 10, 1967, confirming the report of the Commissioners is not final and is subject to modification. The lower court approved the class action and held that "The Judgment entered by the Boone County Court on February 10, 1967, is now final and can not be appealed from." We agree. Ryan v. Commissioners of Water District No. 1 of Kenton County, et al., 220 Ky. 822, 295 S.W. 1023.

■ The report stated and the county court judgment determined that the anticipated revenue from water service charges to users would be sufficient to pay expenses of operation and retire the bonds and that a very substantial saving in interest costs could be effected by the district agreeing to classify the real estate of users and agreeing to make assessments to the extent necessary to meet any deficit in paying the interest and principal on the bonds.

The action of the Commissioners was consistent with that judgment in that they classified all real estate and provided as follows:

"All of the real estate in such District is hereby classified into Class 'A and Class B. Class A is and shall be all real estate in the District which abuts on a water line of the District, except such real estate, the owners of which have paid the tap-in connection charge of the District prior to the filing of the assessment roll in the office of the Boone County Court Clerk pursuant to KRS

74.150. Class A real estate is that which will receive a tap-in connection while the water system is being constructed, without a tap-in connection charge being made, the expense of same being paid from the proceeds of the bonds to be issued by the District. Class B is all other land in the District, including that referred to above, the owners of which pay the tap-in connection charge."

■ Another issue is whether the district has the legal right to authorize revenue bonds for the construction of a waterworks system with a provision that if the revenues are insufficient to meet minimum requirements under the bond ordinance, the district will make an assessment against all property owners abutting on the water lines who have not paid a tap-in connection charge to the district prior to the filing of the assessment roll in the office of the Boone County Court Clerk. KRS 74.130. The reason for this exemption is that the owners of real estate who " * * * have paid the tap-in connection charge * * * will have paid an amount equal to the benefits from water service resulting to such real estate, with the result that it will receive no benefit it has not fully paid for." It was also provided that such assessment, if required, will be made in proportion to the assessed values of such property for ad valorem taxation purposes at the time the assessment is made.

Theobald, et al. v. Board of Com'rs of Buechel Water Dist., et al., supra, stands for the proposition that a water district may agree to levy against property in the district from time to time within the limits provided by law if such action shall be necessary to provide for payment of the principal or interest. The lower court so adjudged and we see no reason to depart from the law above stated.

■ An issue is raised as to whether the tax may be imposed upon the basis of assessed values as distinguished from on a front foot or square foot basis. KRS

74.130 provides in part: "The commission shall examine the real estate in the district that may be affected by the proposed water system, and classify it into five classes according to the benefit it will receive from the construction and operation of the water system." Here the Commissioners used only two classifications which is authorized by KRS 74.130(2). The proof showed that the two classifications used were based upon primary and secondary benefits "to conform to existing conditions." We consider this proper.

■ Appellants argue that if assessments become necessary they must be made either in proportion to the front footage of the property abutting upon the water line, or according to the areas of such properties. The statute does not make that a requirement. The report and judgment made it clear that the assessment will be in proportion to benefits. Krumpelman v. Louisville and Jefferson County Metropolitan Sewer District, Ky., 314 S.W.2d 557. Evidence was introduced which convinced the circuit court and convinces us that the method used by the Commissioners for assessment is in proportion to the benefits to the real estate. "[L]atitude within the framework of the statutes and Constitution" is required if units of government are to solve financial problems. McCoy, et al. v. City of Florence, Ky., 409 S.W.2d 511. We hold that this method complies with the law. Robertson v. City of Danville, Ky., 291 S.W.2d 816.

In 1960 the Board of Health adopted a regulation pursuant to KRS 212.230(1)(c) which provided that no private sewage disposal system should be installed without a permit first having been obtained from the Boone County Health Department. It stated the conditions upon which the permit would be issued. Appellants question the validity of that regulation. The evidence showed the present population in the district and the expected substantial increase in population. There was testimony that presently septic tanks, cesspools and privies exist throughout the county and that a large percentage of the cisterns and wells which are being used are not free from contamination. It showed that contamination of any water supply may result from seepage of sewage into the ground. As the population becomes more dense the danger to health will be increased. Ordinances regulating matters affecting public health (Shaeffler v. City of Park Hills, Ky., 279 S.W.2d 21) and requiring the installation of modern facilities have been approved. Nourse v. City of Russellville, 257 Ky. 525, 78 S.W.2d 761; City of Louisville v. Thompson, Ky., 339 S.W.2d 869; Cassidy, et al. v. City of Bowling Green, et al., Ky., 368 S.W.2d 318.

■ The Boone County Board of Health obtained its power from KRS Chapter 212. It was authorized by KRS 212.230(1)(c) to "Adopt, except as otherwise provided by law, such rules and regulations not in conflict with the rules and regulations of the State Board of Health, as may be necessary to protect the health of the people * * *". Public health is a proper subject of legislation. District Board of Tuberculosis Sanatorium Trustees for Fayette County, etc. v. City of Lexington, 227 Ky. 7, 12 S.W.2d 348. We hold that such delegation of police power is not contrary to law. 39 C.J.S. Health § 10, p. 824. The regulation is valid. Weber City Sanitation Comm. v. R. G. Craft, 196 Va. 1140, 87 S.E.2d 153. 39 C.J.S. Health § 2, p. 811.

In City of Covington v. Sanitation District No. 1 of Campbell, Ky., 301 S.W.2d 885, we cited the case of Sanitation District No. 1 of Jefferson County v. Campbell, Ky., 249 S.W.2d 767, and reaffirmed our decisions that " * * * matters of sewage disposal are subject to the police power of the state * * *". This concept is so firmly established that it is no longer open to question.

The regulation also provided that "In the event a public water supply abuts the property, connections shall be made and

private systems shall be prohibited." The Boone County Board of Health was a party plaintiff in the action below and it contended that this regulation was valid, which contention was resisted by the appellants herein. The lower court adjudged and declared that the provisions of the regulations to which we have just referred " * * * are valid, legal and enforceable to the extent that they forbid any person, firm or corporation to install or to continue in effect a private sewage disposal system without first having obtained a permit from the Boone County Health Department and in providing that in the event a public water supply becomes available and abuts the property, connections shall be made and private systems shall be prohibited." We agree. City of Louisville v. Thompson, supra; Nourse v. City of Russellville, supra.

Finding no error in the judgment of the lower court the same is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE and PALMORE, JJ., concur.