**LOUISVILLE & JEFFERSON COUNTY BOARD OF HEALTH, Appellant,**

v.

**Carl F. HAUNZ, Sr., Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

As Modified on Denial of Rehearing March 6, 1970.

Fred M. Goldberg, Goldberg & Lloyd, Louisville, for appellant.

Foster L. Haunz, Dougherty, Gray & Haunz, Louisville, for appellee.

WADDILL, Commissioner.

Appellee, who owns houses located in Jefferson County, instituted this action in the Jefferson Circuit Court to prevent the enforcement of Rule 4, Chapter VIII of the Sanitary Code of the Louisville & Jefferson County Board of Health which Rule is a set of regulations that provide minimum standards for habitable housing in Jefferson County outside of any municipality. Hereinafter the Louisville and Jefferson County Board of Health will be referred to as the board.

The circuit court found that the board had unlawfully usurped the lawmaking power of the legislative arm of the government by adopting rules and regulations governing minimum standards for habitable housing and the court permanently enjoined the board and its officers, agents and employees from enforcing the provisions of Rule 4, Chapter VIII of the Sanitary Code.

The board was created and given broad powers to safeguard the public health by KRS, Chapter 212. By KRS 212.350 the board is vested with the authority to:

"* * * make appropriate rules and regulations and do all things reasonable or necessary effectively to carry out the work and properly to perform the duties intended or required by KRS 212.350 to 212.620. * * *"

By KRS 212.370 and 212.600 it is the duty of the board to make and enforce reasonable regulations controlling or affecting the health of the residents of Jefferson County.

Rule 4, Chapter VIII, of the Sanitary Code requires all habitable dwellings located in Jefferson County to be supplied with water, sanitary fixtures and sewage disposal and it regulates heating, lighting, ventilation, maintenance and occupancy of these houses and grants exemptions in hardship cases. Rule 4 further provides for the inspection of habitable houses, with notice to be given to the owners or occupants who have failed to comply with health regulations set forth in the code.

Authority is conferred on the board to hear and determine charges presented concerning infractions of the code and to issue appropriate orders. Penalties that may be assessed against those found guilty of violating the Sanitary Code are the same penalties that are specifically named in KRS 212.990(3). Among the administrative procedures provided by the Sanitary Code is Section 804.608(d) which reads:

"* * *. Any person aggrieved by the decision of the health officer may seek relief therefrom in any court of competent jurisdiction as provided by the laws of this state."

Appellant contends that the regulations that the board adopted and designated as Rule 4, Chapter VIII of the Sanitary Code were necessary to implement and make workable the duties and responsibilities placed on the board by the provisions of KRS, Chapter 212. Claiming there was no undue delegation of legislative authority, appellant points to our opinion in Southeastern Displays, Inc. v. Ward, Ky., 414 S.W.2d 573, where KRS 177.860, commonly called the "Billboard Law," was challenged as being unconstitutional. KRS 177.860 in pertinent part provides:

"The Commissioner of Highways shall prescribe by regulations reasonable standards for the advertising devices hereinafter enumerated, designed to protect the safety of the users of the highways and otherwise to achieve the objectives set forth in KRS 177.850, * * *."

Pursuant to this statutory authority, the Department of Highways promulgated regulations specifying the areas in which advertising signs could be posted. The authority of the department to adopt the regulations was challenged in court proceedings. In disposing of this contention, we said:

"Appellant argues that such regulation violates Sections 27 and 28 of the Kentucky Constitution, and is an unconstitutional delegation of legislative power to the executive branch of the government. A reading of the regulation indicates that it is in furtherance of the purpose of the legislation which specifically authorizes the adoption of such regulations. In the light of Butler v. United Cerebral Palsy of Northern Ky., Inc., Ky., 352 S.W.2d 203, such regulation is not an unconstitutional delegation of legislative power. Nor is the regulation vague and abstract. It contains various definitions and is specific in its terms in so far as this case is involved. It provides that signs located in protected areas, such as industrial or commercial areas, may be constructed and maintained."

In Baughn v. Gorrell & Riley, 311 Ky. 537, 224 S.W.2d 436, we decided that the statute (KRS 337.520) providing for the public authority to ascertain and fix the prevailing wages in a particular locality did not constitute an unconstitutional delegation of a legislative function. The same result was reached in Butler v. United Cerebral Palsy of Northern Kentucky, Inc., Ky., 352 S.W.2d 203, where KRS 157.305 authorized public aid to private institutions involved in the education of "exceptional children." The statute required that in order to qualify, the school should submit to the State Board of Education the names of the governing body, the type of instruction and programs then provided and the qualifications of the instructors employed by the school. The statute further provided that the State Board of Education could approve or disapprove of the program, or the faculty or the personnel. In deciding that the statute did not constitute an unconstitutional delegation of rule-making authority we said, in part:

"Let us, then, examine this law in terms of the practical needs of effective government, and in terms of safeguards against abuse and injustice. The legislature wants to encourage and lend a modicum of support to the special education of a certain class of people. It does not wish, in so doing, to waste the taxpayers'

money. The members of the legislature are allowed to meet in regular session only 60 days every two years. They have neither the time, facilities, nor qualifications to do more than indicate the class and fix the amount to be spent. At the state's disposal, however, is its board of education, an agency fully and better qualified than the legislature to establish and carry out whatever further policies and procedures may be necessary or desirable. This body also is one of the most responsible and long-established agencies of the state government. Is there any real danger that it would, even if it could, abuse the responsibilities conferred upon it by this act? We think not. Moreover, since arbitrary power does not exist in this Commonwealth, any discriminatory treatment is inherently reviewable by the Courts * * *."

"This Act does not, in our opinion, constitute an invalid delegation of legislative authority under Const. §§ 27 and 28. * * *."

On the other side of the case appellee contends that the rules and regulations adopted by the board and set forth in the Sanitary Code violate Sections 27, 28 and 29 of the Kentucky Constitution. Reliance is had upon Henry v. Parrish, 307 Ky. 559, 211 S.W.2d 418, which, in effect, holds that the Louisville & Jefferson County Board of Health may not legislate. In that case objection was raised to a regulation of the board requiring a permit fee to defray the costs of the inspection of food in certain establishments. The board claimed that it had the same power to enact regulations relating to public health that legislative boards of municipal corporations have. In disposing of the contention, we said in summary that the power to make regulations is not the power to legislate; that for administrative rules and regulations to be valid they must be within the authority conferred upon the administrative agency by the legislative arm of the government. Also cited in support of appellee's contention is Bloemer v. Turner, 281 Ky. 832,

137 S.W.2d 387, wherein the challenged statute provided:

> " 'The director of said experiment station is empowered to adopt standards for concentrated commercial feeding stuffs and to make and enforce such rules and regulations as he may deem necessary to carry fully into effect the true intent and meaning of this act.' "

Pursuant thereto, the director of the experiment station adopted a regulation requiring labels on canned dog food to show the water content of the food. In construing the statute we held that the director of the experiment station acted in excess of his administrative powers in adopting this regulation.

Appellee also relies on a number of other cases, all of which, in effect, hold that for administrative rules and regulations to be valid, they must be within the authority conferred upon the administrative agency and they also must be within the framework of the policy which the legislature has sufficiently defined.

In fine, the rationale of the authorities cited by each of the parties to this appeal is that an administrative agency of government may not validly legislate under the guise of making operational rules and regulations. However, we find that such is not the case here and, hence, there is no merit in appellee's objections to the subject rules and regulations.

We are of the opinion that the regulations contained in the Sanitary Code are valid and are reasonably necessary to protect the health and welfare of the inhabitants of Jefferson County; that the regulations were adopted pursuant to enabling legislation; that sufficient safeguards are provided in the Sanitary Code to protect the public and to afford those affected by the code with "due process of law" and that the regulations are within the framework of the legislation, the purpose of which is to protect the public health.

Our conclusion is fortified by our opinion in Barnes v. Jacobsen, Ky., 417 S.W.2d 224, wherein we upheld a regulation of the Board of Health and answered some of the questions that are raised on the instant appeal. We quote in part from the Barnes opinion:

"In 1960 the Board of Health adopted a regulation pursuant to KRS 212.230(1) (c) which provided that no private sewage disposal system should be installed without a permit first having been obtained from the Boone County Health Department. It stated the conditions upon which the permit would be issued. Appellants question the validity of that regulation. The evidence showed the present population in the district and the expected substantial increase in population. There was testimony that presently septic tanks, cesspools and privies exist throughout the county and that a large percentage of the cisterns and wells which are being used are not free from contamination. It showed that contamination of any water supply may result from seepage of sewage into the ground. As the population becomes more dense the danger to health will be increased. Ordinances regulating matters affecting public health (Schaeffler v. City of Park Hills, Ky., 279 S.W.2d 21) and requiring the installation of modern facilities have been approved. Nourse v. City of Russellville, 257 Ky. 525, 78 S.W.2d 761; City of Louisville v. Thompson, Ky., 339 S.W.2d 869; Cassidy, et al. v. City of Bowling Green, et al., Ky., 368 S.W.2d 318.

"The Boone County Board of Health obtained its power from KRS Chapter 212. It was authorized by KRS 212.230 (1) (c) to 'Adopt, except as otherwise provided by law, such rules and regulations not in conflict with the rules and regulations of the State Board of Health,

as may be necessary to protect the health of the people * * *.' Public health is a proper subject of legislation. District Board of Tuberculosis Sanatorium Trustees for Fayette County, etc. v. City of Lexington, 227 Ky. 7, 12 S.W.2d 348. We hold that such delegation of police power is not contrary to law. 39 C.J.S. Health § 10, p. 824. The regulation is valid. Weber City Sanitation Comm. v. Craft, 196 Va. 1140, 87 S.E.2d 153. 39 C.J.S. Health § 2, p. 811.

"In City of Covington v. Sanitation District No. 1 of Campbell, Ky., 301 S.W. 2d 885, we cited the case of Sanitation District No. 1 of Jefferson County v. Campbell, Ky., 249 S.W.2d 767, and reaffirmed our decisions that '* * * matters of sewage disposal are subject to the police power of the state * * *.' This concept is so firmly established that it is no longer open to question. * * *." Also see Graybeal et al. v. McNevin, Ky., 439 S.W.2d 323.

In addition to the constitutional provisions hereinbefore mentioned, we have also considered Sections 2 and 242 of the Kentucky Constitution and the 4th, 5th and 14th Amendments to the United States Constitution and find no violation of them.

The judgment is reversed with directions to set it aside and to enter a new judgment upholding the validity of Rule 4, Chapter VIII of the Sanitary Code of the Louisville & Jefferson County Board of Health. The Jefferson Circuit Court is further directed to dissolve the injunction it has issued restraining and enjoining the Louisville & Jefferson County Board of Health from enforcing Rule 4, Chapter VIII of the Louisville & Jefferson County Board of Health.

HILL, C. J., and MILLIKEN, PALMORE, OSBORNE and STEINFELD, JJ., concur.