Thomas Arthur BOYLE et al., Appellants,

v.

Charles CAMPBELL et al., Appellees.

Court of Appeals of Kentucky.

Feb. 13, 1970.

**266**

Lawrence S. Grauman, Louisville, William J. Parker, John David Cole, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, for appellants.

Joe B. Orr, Jerry L. Moore, Joe B. Campbell, Bell, Orr & Reynolds, Bowling Green, for appellees.

CLAY, Commissioner.

This suit involves the validity of an ordinance of the City of Bowling Green, enacted December 5, 1968, which was designed to implement the Sunday Closing Law, KRS 436.160. The action was brought by appellees, engaged in the grocery and drugstore business, against appellants, who operate department stores, seeking a declaration of rights as to the validity of this ordinance and also seeking to enjoin appellants from violating it. The Chancellor declared the ordinance valid and granted appellees the injunctive relief prayed.

The ordinance in question contains a lengthy preamble in which it is made very clear that it was intended to be complementary to KRS 436.160. The first five sections of the ordinance are identical with the first five subsections of this statute, prohibiting the same activities and prescribing the same fines. Section 6 of the ordinance undertakes to classify certain services, businesses and occupations as a "work of necessity", expressly exempted by KRS 436.160 and section 1 of the ordinance. The focal point of the controversy here, under section 6G of the ordinance, is the exclusion as a "work of necessity" of the following:

"The sale at retail of butter, eggs, milk and cream, soap and disinfectants, fruits and vegetables, meats and all other food or food stuffs prepared or intended for human consumption or consumption by household pets, manufactured tobacco products, candy, sodas, soft drinks, ice, ice cream, ices and other confectionary, toilet goods, hospital supplies, thermometers, camera films, surgical instruments, rubber goods, paper goods, drugs, medicines, and all other articles used for the relief of pain or prescribed by a physician."

Appellants contend the ordinance is void on several constitutional grounds.[1] It is unnecessary to decide these specific constitutional issues, because it is clear the ordinance violates what may be described as the principle of conformity between state and local legislation (traceable to the constitutional framework of government). That broad principle was expressed in City of Harlan v. Scott, 290 Ky. 585, 162 S.W.2d 8, 9 (1942), in the following words, " * * municipal ordinances must be in harmony with the general laws of the State". There are three somewhat overlapping approaches to the problem.

■ In the first place, where the state has occupied the field of prohibitory legislation on a particular subject, a municipality lacks authority to legislate with respect thereto. 62 C.J.S. Municipal Corporations § 143(3) page 292; National Amusement Co. v. Johnson, 270 Mich. 613, 259 N.W. 342. It has even been held that when a state statute and a municipal ordinance are identical in a preempted field, there is created a conflict of jurisdiction which nullifies the ordinance. Pipoly v. Benson, 20 Cal.2d 366, 125 P.2d 482, 147 A.L.R. 515.

It would appear the General Assembly has preempted the field of Sunday closing by the enactment of KRS 436.160.[2] The subject matter was fully and completely covered by this general law which expressed a state-wide public policy and by its terms indicated a paramount state concern not requiring or contemplating local action.[3] See the tests for resolving this difficult question laid down in In Re Hubbard, 62 Cal.2d 119, 41 Cal.Rptr. 393, 396 P.2d 809 (1964). In Mangold Midwest Co. v. Village of Richfield, 274 Minn. 347, 143 N.W.2d 813 (1966), relied on by appellees, it was held that a Minnesota Sunday closing statute did not preempt that field, but we are not persuaded by that opinion. In any event, the ordinance under consideration itself recognizes that KRS 436.160 is the basic and controlling law on this

1. Among them, as being arbitrary under section 2 of the Kentucky Constitution; as a denial of due process under the 14th Amendment of the United States Constitution; as constituting a local or special act under section 59 of the Kentucky Constitution; and as imposing a lesser penalty than prescribed by statute under section 168 of the Kentucky Constitution.

2. The statute in full provides:
"(1) Any person who works on Sunday at his own or at any other occupation or employs any other person, in labor or other business, whether for profit or amusement, unless his work or the employment of others is in the course of ordinary household duties, work of necessity or charity or work required in the maintenance or operation of a public service or public utility plant or system, shall be fined not less than two dollars nor more than fifty dollars. The employment of every person employed in violation of this subsection shall be deemed a separate offense.
"(2) Persons who are members of a religious society which observes as a Sabbath any other day in the week than Sunday shall not be liable to the penalty prescribed in subsection (1) of this sec-

tion, if they observe as a Sabbath one day in each seven.
"(3) Subsection (1) of this section shall not apply to amateur sports, athletic games, operation of moving picture shows, chautauquas, filling stations or opera.
"(4) Any person who holds any boxing or wrestling match or exhibition on Sunday shall be fined not less than ten dollars nor more than one hundred dollars.
"(5) Any person licensed to keep, or any person controlling, a billiard, pigeon-hole or pool table who permits any game to be played on it on Sunday shall be fined not less than twenty-five dollars nor more than sixty dollars, and forfeit his billiard, pigeon-hole or pool table license if he holds such a license.

"(6) Any person who hunts game, with a gun or dogs, on Sunday shall be fined not less than five dollars nor more than fifty dollars."

3. It will be noted that under KRS 244.290 the legislature specifically authorized the legislative bodies of certain cities to establish the hours and times in which distilled spirits and wine may be sold.

subject and the City of Bowling Green was not attempting to carve out a local area of independent regulation. It could thus be said the ordinance is ineffective as a law in this field.

■ Secondly, a municipal ordinance is invalid if it *conflicts* with a state statute. As stated in 37 Am.Jur., Municipal Corporations, section 165 (page 787):

> "It is a fundamental principle that municipal ordinances are inferior in status and subordinate to the laws of the state. An ordinance in conflict with a state law of general character and statewide application is universally held to be invalid."

The area of conflict involves the section of the ordinance which undertakes to declare that certain specified Sunday sales are exempted from the statutory prohibition as constituting a "work of necessity". Among them are the sale of grocery, drug and confectionary items.

In McAfee v. Commonwealth, 173 Ky. 83, 190 S.W. 671, 674, L.R.A.1917C, 377 (1917), wherein we held the operation of a small grocery or confectionary was not a "work of necessity", it was stated:

> "Plainly the owner of a store, or establishment of any kind at which soda water, soft drinks, cigars, tobacco, fruits, canned goods, and other like articles are sold, who keeps it open for business on Sunday is engaged in a work of business prohibited on the Sabbath day * * *"

In City of Ashland v. Heck's, Inc., Ky., 407 S.W.2d 421 (1966), we expressed the opinion that sales of food and drugs were not works of necessity in the sense that they fell within the Sunday activity exemption.

■ It will thus be seen that this court has judicially interpreted a "work of necessity" as *not* including the sale of some of the items permitted by the ordinance. At least to this extent there is an obvious conflict between the statute and the ordinance. The case of McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), upon which appellees rely, considered a similar list of authorized Sunday activities in the light of the "enhancement of the recreational atmosphere of the day" and "the physical and mental health of the people", *not* in the light of "works of necessity". In addition, that case did not involve a question of conflict between a statute and an ordinance.

Finally, if the doctrines of "preemption" and "conflict" are not dispositive of the present controversy, there is a basic concept which invalidates this ordinance. It is that the City of Bowling Green simply lacks the authority by local law to amend, modify, interpret or construe a state statute. We must observe that the ordinance before us is unique in purporting to do just that. As said in City of Middlesboro v. Kentucky Utilities Co., 284 Ky. 833, 146 S.W.2d 48, 52 (1940):

> "Municipal corporations as instrumentalities of the state have only such powers as have been granted by the legislature, expressly or necessarily implied. The grant itself carries the prohibition of exercising any authority in excess thereof or in a manner different from that permitted."

In City of Harlan v. Scott, 290 Ky. 585, 162 S.W.2d 8 (1942), we were confronted with an ordinance which prohibited the operation of a moving picture show after 6:00 p. m. on Sunday when the state Sunday closing law had exempted this activity. (A situation just the converse of the one before us.) Therein it was said (162 S.W.2d page 9):

> "Thus, we have a plain legislative declaration of policy regarding the operation of picture shows on Sunday, declaring that they shall not be construed as work of labor within the meaning of the Sunday closing law. This being true, it follows that a municipal ordinance prohibiting Sunday operation of picture shows is invalid since all munici-

pality authority comes from the Legislature and municipal ordinances must be in harmony with the general laws of the State. An ordinance may cover an authorized field of local laws not occupied by general laws but cannot forbid what a statute expressly permits and may not run counter to the public policy of the state as declared by the Legislature."

■ While the above case presented a question of conflict, the decision in effect determined that municipal authorities had no power to modify a state law so as to make it inapplicable to a local activity. In substance that is what the ordinance before us does. It undertakes to declare what shall or shall not be a state offense under KRS 436.160 in the City of Bowling Green. It constitutes local preemption of a prerogative of the General Assembly. In the absence of expressly delegated authority, we can envision no power of the municipal authorities to implement a statute.

The situation is basically identical with that which confronted this court in City of Lexington v. Thompson, 250 Ky. 96, 61 S.W.2d 1092 (1933). The question involved was whether or not a city manager was a "public officer" under section 246 of the Kentucky Constitution. The legislature had expressly provided that he should "not be an officer". It was held that the legislature lacked the power or authority to define terms in the Constitution at variance with their generally accepted meaning as understood by the makers of that document. The precise principle applies here as between a state and local law.

In Arlan's Dept. Store of Louisville v. Commonwealth, Ky., 369 S.W.2d 9, 13 (1963), we considered the need for uniform application of this exempting provision throughout the state and decided that what constituted a "work of necessity" was "one of law, to be decided in each instance by the court in which the case is being tried". The construction and application of this statute is not a matter falling within the scope of local legislative power.

We return to Mangold Midwest Co. v. Village of Richfield, 274 Minn. 347, 143 N.W.2d 813 (1966). A Minnesota statute expressly prohibited (among other things) the selling of groceries on Sunday. A subsequent municipal ordinance dealing with the same subject matter specifically exempted from restriction the sale of groceries in a business establishment where no more than four persons were regularly engaged in the conduct of the business. The ordinance was held valid. The reasoning of the court appears to have been that the state statute and the ordinance created *independent offenses* and the municipality could impose prohibitions less broad than those of the state.

Assuming the Mangold opinion was sound on this point, the ordinance before us is of quite a different character. It was expressly designed to implement the state statute and more particularly, its predominant expressed purpose was to create a category of activities which would fall within the scope of the term "work of necessity" *found in the state statute*. It was not intended, as the ordinance was construed in the Mangold case, to create separate, independent local offenses. It constituted a modification of the statute. It decreed how the state law would apply to local activities. The municipality had no express or implied power to so legislate.

■ Whether we consider this ordinance in the light of the principles of "preemption" or "conflict", or simply as one of the lack of power, it must be held invalid. To the extent it duplicated the state statute, it accomplished no purpose. To the extent it defined a term found in the statute, it cannot be given the force of law. When, in City of Ashland v. Heck's, Inc., Ky., 407 S.W.2d 421 (1966), we stated that the delineation of what constituted a "work of necessity" was "a legislative matter", we obviously had in mind the state legislature.

**270**

If the implementation of the state statute is to be accomplished, it must be done by the General Assembly. The attempt by the City of Bowling Green cannot be upheld.

The judgment is reversed.

All concur.