**KENTUCKY LICENSED BEVERAGE ASSOCIATION and Jill M. Schulte, Appellants**

v.

**LOUISVILLE–JEFFERSON COUNTY METRO GOVERNMENT and Rebecca Jackson, County Judge Executive, Appellees.**

**No. 2002–SC–0198–DG.**

Supreme Court of Kentucky.

Feb. 19, 2004.

---

12. *See* LAWSON, KENTUCKY EVIDENCE LAW, *supra* note 4, § 11.30[4], p. 892.

13. *Id.*

C. Michael Hatzell, Hatzell & Groves, Louisville, for Appellants.

Irvin G. Maze, Lawrence E. Osterhage, Louisville, for Appellees.

Opinion of the Court by Justice STUMBO.

This case originated when Appellants, Kentucky Licensed Beverage Association and Jill Schulte, filed a complaint for declaratory and injunctive relief in the Jefferson Circuit Court challenging the validity of Jefferson County Ordinance 27, Series 1999 (Ordinance). Appellants take issue with the Ordinance, particularly section 113.99(B), which allows the Administrator and Board of the Jefferson County Alcoholic Beverage Control (ABC) to hold any person who violates sections 113.19 through 113.30 of the Ordinance liable for civil penalties. Specifically, Appellants allege that the Louisville–Jefferson County Metro Government (previously Jefferson County Fiscal Court, and hereinafter referred to as the "Metro Government") is without the authority to enact an ordinance that vests the local ABC Administrator with jurisdiction to impose civil fines upon employees of licensees. The trial court entered an order upholding the Ordinance and the Court of Appeals affirmed. Because the General Assembly has previously enacted a comprehensive scheme of legislation dealing with the regulation of alcoholic beverages, codified at KRS Chapter 241 through Chapter 244, which prescribes no means whereby the local ABC Administrator can levy civil fines upon a non-licensee, we find that the Metro Government has impermissibly granted authority to the local ABC Administrator, which is not provided for by any state statute. *See* KRS 82.082; *Whitehead v. Estate of Bravard,* Ky., 719 S.W.2d 720 (1986). Accordingly, we re-

verse the decision of the Jefferson Circuit Court and the Court of Appeals.

Section 113.99(B) reads as follows:

Any person or entity who violates the provisions of 113.19 through 113.30 shall appear before the County Administrator or the Jefferson County Alcoholic Beverage Control Board hearing officer for a civil hearing, and is subject to a civil penalty of not less than $100 and not more than $500 for each violation if convicted. This section shall not apply to obligations imposed upon the Administrator or his or her employees under those sections.

Sections 113.19 through 113.30 seek to prohibit the sale of alcoholic beverages to minors and regulate in various ways the manner in which licensees maintain their premises.

▨▨▨ KRS 67.083(3)(n) grants the fiscal court of any county the authority to enact ordinances involving the regulation of the sale of alcoholic beverages. The statute also provides that when regulating an area of law that the state also regulates, a county government must enact "ordinances which are consistent with state law or administrative regulation." KRS 67.083(6). "A fiscal court does not have any power except that conferred by statute and it possesses no authority not delegated to it, expressly or impliedly, by some provision of law." *Bickett v. Palmer–Ball*, Ky., 470 S.W.2d 341, 343 (1971). Likewise, KRS 82.082 reads:

(1) A city may exercise any power and perform any function ... that is in furtherance of a public purpose of the city and not in conflict with a constitutional provision or statute.

(2) A power or function is in conflict with a statute if it is expressly prohibited by a statute *or there is a comprehensive scheme of legislation on the same general subject embodied in the Kentucky Revised Statutes....*

(Emphasis added).[1] This Court has previously found that the General Assembly has provided a comprehensive scheme of legislation regulating the manufacturing, sale, and distribution of alcoholic beverages through its enactment of KRS Chapters 241 through 244. *Whitehead, supra*, at 722–723. Accordingly, the Metro Government's ordinance is in conflict with state statutes on the subject and is not authorized pursuant to any home rule statute cited above. Therefore, in absence of a particular grant of authority to regulate non-licensees by the imposition of civil fines in KRS 241 *et seq.*, the Metro Government is without authority to apply the penalties set forth in the Ordinance to non-licensees. *See Boyle v. Campbell*, Ky., 450 S.W.2d 265, 268 (1970) (invalidating a city ordinance dealing with Sunday Closing laws, and holding that "if the doctrines of 'preemption' and 'conflict' are not dispositive ... there is a basic concept which invalidates this ordinance .... that the City of Bowling Green simply lacks the authority by local law to amend, modify, interpret or construe at [sic] state statute").

Appellants point out that nowhere in KRS Chapters 241 through 244, governing the sale, manufacture, and distribution of alcoholic beverages, is a legislative grant of authority that permits the local ABC Board or Administrator to impose civil fines upon non-licensees. KRS 241.060(1)

---

1. KRS 67C.101 gives a consolidated local government, such as the Metro Government, all the powers and privileges that cities of the first class and counties are authorized to exercise, "including but not limited to those powers granted to cities of the first class and their counties under their respective home rule powers."

states that the state board shall have the functions, powers, and duties:

To promulgate reasonable administrative regulations governing procedures relative to the applications for and revocations of licenses, the supervision and control of the use, manufacture, sale, transportation, storage, advertising, and trafficking of alcoholic beverages, and all other matters over which the board has jurisdiction.

KRS 241.140 states:

The functions of each county administrator shall be the same, with respect to local licenses and regulations, as the functions of the board with respect to state licenses and regulations, except that no regulation adopted by a county administrator may be less stringent than statutes relative to alcoholic beverage control or than the regulations of the board.

The Metro Government refers us to no other statute that grants it the authority to impose civil fines upon non-licensees. It merely argues that since in *Commonwealth v. White*, Ky., 3 S.W.3d 353 (1999), this Court construed KRS 244.080 as being broad enough to include employees of licensees within its purview by holding "retail licensees" criminally responsible for selling alcohol to minors, we should now subject employees to civil fines levied by the local ABC Administrator as well. In *White* we held that since the statute did not define "retail licensee," but did define "retailer" as "any person who sells at retail any alcoholic beverage for the sale of which a license is required," KRS 244.080 was broad enough to include the employees of licensees. *Id.* at 354. Appellants concede that Jill Schulte could have been prosecuted under KRS 244.080 in Jefferson District Court, but contend that the legislature did not contemplate administrative punishment of unlicensed parties be-

cause it failed to provide non-licensees with any appellate remedy of a decision by the Board. We agree.

KRS 241.150 provides that orders of a county administrator may be appealed to the Board. KRS 243.560 provides for appellate review in circuit court of a decision of the Board. However, KRS 243.560 reads as follows:

(1) Any final order of the board refusing, revoking or suspending a license may be appealed from by the applicant or licensee, and any final order of the board granting or refusing to revoke or suspend a license may be appealed from by any citizen feeling himself aggrieved.

The remainder of the language in the statute continues to refer to appeals only in the context of "a final order refusing, revoking, or suspending a license." KRS 243.560(3); KRS 243.560(4). Nowhere in the statute, nor any other statute in KRS Chapters 241 through 244, is appellate review of the Board's decision mentioned in the context of a non-licensee who has been aggrieved by the imposition of administrative fines. The specific language of KRS 243.560(1) provides appellate review to applicants, licensees, or to "any citizen feeling himself aggrieved," but only with regards to an order of the Board concerning the granting or refusing to revoke or suspend a license.

The Metro Government suggests that such a non-licensee would have a right to appellate review pursuant to KRS 13B.140, which provides for judicial review of all final orders of an agency. While procedurally such a remedy is plausible, we believe it more likely that the legislature confined the right to appellate review to those situations pertaining to the refusal, revocation, or suspension of licenses simply because it did not envision persons not licensed, not applicants for licenses, or ag-

grieved by the issuance or non-issuance of licenses, to be within the scope of the Board's jurisdictional reach.

■ Our decision in *White, supra,* does not affect our decision today because *White* dealt with judicial interpretation of a specific statute, KRS 244.080, which forbade the sale of alcoholic beverages to minors. KRS 244.990(1) provides the penalties available for one that violates any provision of KRS Chapter 244, including KRS 244.080, and specifically calls for a criminal prosecution of a Class B misdemeanor for a first offense. Therefore, we merely held in *White* that an employee of a licensee could also be subject to the criminal sanctions provided for in KRS 244.990. KRS 244.990 does not mention the imposition of any civil penalties, and clearly does not provide that the local ABC Administrator or Board can assess administrative fines upon employees of licensees for a violation of KRS 244.080. A violation of a state statute by all accounts does not give a city or local government the authority to impose a penalty for that violation not contemplated by the legislature. *Jones v. City of Paducah,* 157 Ky. 781, 164 S.W. 101, 102 (1914).

The General Assembly created a comprehensive and detailed legislative scheme in KRS Chapters 241–244, dealing with the manufacture, sale, and distribution of alcoholic beverages. The Metro Government is impermissibly attempting to apply section 113.99(B) of the Ordinance to employees of licensees when clearly the legislature did not intend for non-licensees to be regulated by the ABC Board. Accordingly, the Metro Government was without the authority to hold non-licensed employees liable for administrative fines pursuant to section 113.99(B). Applied in this manner, section 113.99(B) is invalid. However, as applied to those entities over which the Administrator and Board have been expressly given authority to regulate pursuant to KRS Chapters 241–244, the Ordinance is a valid exercise of the Metro Government's power.

For the reasons stated above, we hereby reverse the opinion of the Court of Appeals and the opinion and order of the Jefferson Circuit Court.

COOPER, GRAVES, and JOHNSTONE, JJ., concur.

LAMBERT, C.J., dissents by separate opinion, with KELLER and WINTERSHEIMER, JJ., joining that dissent.

LAMBERT, Chief Justice, dissenting.

I interpret KRS 241.140 to be of sufficient breadth to grant the Metro Government jurisdiction to adopt an Ordinance that allows imposition of civil fines upon employees of licensees. The Ordinance at issue qualifies as a regulation and is certainly no less stringent than other regulations of the state ABC Board. There is no express pre-emption of this type of Ordinance in any of the governing statutes and there is no inconsistency with the penal provisions of KRS 244.080. In *City of Louisville v. Michael A. Woods, Inc.,*[1] the Court of Appeals held that a city may pass ordinances in addition to, but that are not inconsistent with, state statutes and constitutional provisions.[2]

It is not necessary for the state statutes to provide clear enabling authority on this issue. This Court has noted that "there is much room for the exercise of police power, and the state has encouraged and somewhat required local government to

1. Ky., 883 S.W.2d 881, 883 (1993).

2. *Id. See* KRS 67.083(3)(n).

participate in and provide regulation for control."[3] Simply because the General Assembly has not by statutory enactment adopted specific language whereby the local ABC administrator can levy civil fines upon non-licensees, such a regulation is not prohibited provided that it is not inconsistent with the statutory scheme codified in KRS Chapter 241 through Chapter 244.

A reasonable extension of our holding in *Commonwealth v. White*[4] supports the view that an employee of a licensee may be subjected to the jurisdiction of the local ABC administrator pursuant to a local ordinance. Our holding in *White* further supports that the statutory scheme provides the state ABC Board and local authorities with jurisdiction and the authority to enact regulations over non-licensee employees. The majority does not dispute that KRS 244.080 is broad enough to include employees of licensees, a fact confirmed by our holding in *White*. However, the majority distinguishes this case on the grounds that the General Assembly did not provide non-licensees with any appellate review of a decision by the Board.

The absence of an express right of appeal is not dispositive of that question in administrative proceedings. *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission*[5] amounts to settled law that a right of review exists despite the absence of an express provision to that effect:[6]

> Basically, judicial review of administrative action is concerned with the question of arbitrariness. On this ground the courts will assume jurisdiction even in the absence of statutory authorization of an appeal.... There is an inherent right of appeal from orders of administrative agencies where constitutional rights are involved, and section (2) of the Constitution prohibits the exercise of arbitrary power.

\*   \*   \*   \*   \*   \*

> In the interest of fairness, a party to be affected by an administrative order is entitled to procedural due process.... Administrative proceedings affecting a party's rights which did not afford an opportunity to be heard could likewise be classified as arbitrary.[7]

The majority opinion threatens to undermine an established and efficient local Ordinance that addresses the recurring problem of underage sales of alcohol to minors by employees of licensed establishments. By creating personal liability on the employee, it also serves to prevent those employees from changing jobs and selling alcohol at other licensed establishments. The Ordinance is of great benefit in both its preventative posture as well as its efficient, inexpensive, and fair adjudication of such disputes without resorting to the Court of Justice.

KELLER and WINTERSHEIMER, JJ., join this dissenting opinion.

---

**3.** *Commonwealth v. Do, Inc.*, Ky., 674 S.W.2d 519, 522 (1984).

**4.** Ky., 3 S.W.3d 353 (1999).

**5.** Ky., 379 S.W.2d 450 (1964).

**6.** *Id.* at 456.

**7.** *Id.*