Paul CASSIDY et al., Appellants,

v.

CITY OF BOWLING GREEN, etc., et al., Appellees.

Court of Appeals of Kentucky.

May 31, 1963.

E. R. Gregory, Bowling Green, for appellants.

G. D. Milliken, Jr., Bowling Green, for appellees.

———◆———

CLAY, Commissioner.

This is a declaratory judgment action involving the constitutional validity of certain ordinances of the City of Bowling Green which established a municipally operated garbage disposal system. Particularly in question is the right of the City to require those who do not use the service to pay the regular monthly charge and the right of the City to cut off its water service to property owners or tenants whose garbage disposal bills are delinquent.

Because of a health problem in Bowling Green, arising from unregulated private garbage disposal, the City enacted a comprehensive ordinance making it unlawful to permit the accumulation of refuse in, about, or upon premises in the City, to deliver refuse to or from private property, to dispose of trash within the corporate limits, or to engage in the business of collection, removal or disposal of refuse therein.

In 1958, under statutory authority, the City created its own garbage collection and disposal system and bonds in the amount of $100,000 were issued to finance it. A service charge of $1.50 a month was established. Difficulties in connection with the collection of this service charge soon arose. Unpaid bills accumulated which threatened the financial soundness of the system. Thereupon the City enacted two more ordinances providing in substance: (1) the owners of property should be responsible for the service charge, even though premises were occupied by a tenant, and (2) city operated water and sewer services could be discontinued as a means of enforcing the payment of the garbage disposal service charge.

The plaintiffs represent two classes: (1) those who do not desire garbage disposal service, and (2) landlords who have the water meters in their names but whose premises are occupied by tenants who fail to pay the garbage disposal service charge.

The plaintiffs' first argument is that the City cannot require the owners or occupiers of property to use the garbage disposal service and therefore cannot charge them for it if it is not used. The evidence is convincing (if any were needed) that exclusive control of garbage disposal in Bowling Green by the City is an essential health measure in the public interest. The right of regulation is clearly within the police power of the City. It was shown that the health and welfare of the City residents

would be preserved and promoted by prohibiting private garbage disposal and requiring those owning or occupying real property to use the municipal system.

■ Garbage disposal falls within the same class as sewage disposal. It was long ago established that a city may properly forbid the use of private facilities and compel its inhabitants to use the public system. Nourse v. City of Russellville, 257 Ky. 525, 78 S.W.2d 761.

■ Since the City may require those owning or occupying property to accept its services, it may likewise require them to share the expenses thereof by the payment of reasonable fees. 11 Am.Jur., Constitutional Law, section 298 (page 1068). The test of course is one of reasonableness, but appellants do not contest the reasonableness of this charge or the constitutionality of the statute (KRS 94.285) which authorized it.

■ The contention that this service charge may not be imposed upon the property owner when the service is rendered to the tenant is without merit. This service is rendered to the property and the benefits accrue to the owner as well as the tenant. The question is again one of reasonableness and it is certainly not unreasonable to require property owners to contribute to the support of a system which benefits all property and all inhabitants within the City.

■ The final contention is that the City may not enforce collection of its garbage disposal charges by discontinuance of its water services. We are unable to grasp from appellants' brief what constitutional right is being breached by this method of collecting bills. It is shown by this record that for public health and sanitation purposes the City furnishes water service, sewerage service, and garbage disposal service. They are all inter-related and the City is under no obligation to furnish any or all of these services except upon the payment of reasonable charges. This public health program, while divided into separate administrative units, is a single program. Any reasonable method of collection is justified and certainly deprives appellants of no constitutional rights.

The reasonableness of discontinuing one public service for failure to pay for a related public service was recognized in Rash v. Louisville & Jefferson County Met. Sewer Dist., 309 Ky. 442, 217 S.W.2d 232, and City of Covington v. Sanitation District No. 1, Ky., 301 S.W.2d 885. We are not inclined to say that *interdependence* is necessarily a controlling factor. However, the record shows that garbage disposal and water supply are closely related from a sanitation standpoint and we can find nothing arbitrary or unreasonable about this method of collecting service charges.

The trial court correctly decided that the ordinances herein questioned are valid.

The judgment is affirmed.