

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

May 10, 2000

The Honorable Chris D. Prentice
Hale County Attorney
500 Broadway, Suite #80
Plainview, Texas 79072

Opinion No. JC-0219

Re: Whether local governments that operate utilities or sanitary landfills may enter into an interlocal cooperation contract whereby the parties to the contract would agree to collect unpaid fees owed to the other parties and to refuse service to customers who owe fees to the other parties (RQ-0165-JC)

Dear Mr. Prentice:

You ask whether local governments that operate utilities or sanitary landfills may enter into an interlocal cooperation contract under the Interlocal Cooperation Act, TEX. GOV'T CODE ANN. ch. 791 (Vernon 1994 & Supp. 2000), whereby the parties to the contract would agree to collect unpaid fees owed to the other parties and to refuse service to customers who owe fees to the other parties. Because an agreement between local governments to withhold services from third parties is not an agreement between local governments to provide to each other "a governmental function or service that each party to the contract is authorized to perform individually," *see id.* § 791.011(c)(2) (Vernon Supp. 2000), such an agreement is not authorized under the Interlocal Cooperation Act.

You describe the contemplated interlocal cooperation contract as follows: Local governments "that own and operate a utility system or a sanitary landfill . . . [would] enter into agreements with other similarly situated [entities] to collect unpaid utility and landfill service fees." Letter from Honorable Chris D. Prentice, Hale County Attorney, to Office of Attorney General of Texas, at 2 (Dec. 15, 1999) (on file with the Opinion Committee) [hereinafter "Request Letter"]. More specifically,

> [t]he agreements would require each participating Local [G]overnment to collect unpaid utility and landfill service fees owed another participating Local Government from a customer requesting service from it. The requesting customer would be denied service until the outstanding balance with the other participating Local Government had been remitted. The collecting entity would retain a predetermined amount of the sum collected as cost of the service performed pursuant to the agreement.

*Id.* You also inform us that the entities participating in the contract would exchange information "via a confidentially secure Internet connection and common computer software." *Id.* You note that while a government-operated utility is generally prohibited from disclosing information in a customer's account record if the customer requests the information be kept confidential, this prohibition does not prohibit disclosure of such information to another utility. *Id.* at 4. *See* TEX. UTIL. CODE ANN. §§ 182.052, .054 (Vernon 1998).

We gather from the citations provided in your legal brief that the participating local governments would include cities, which are authorized to operate water, sewer, gas or electric utility systems under chapter 402 of the Local Government Code, and cities, counties, and other entities operating solid waste disposal systems under chapter 364 of the Health and Safety Code. *See* Request Letter at 2 n.2. As we understand it, the participating entities could be located all over the state and would not necessarily have overlapping jurisdictions. The Interlocal Cooperation Act authorizes local governments to agree "to perform governmental functions and services" "that each party to the contract is authorized to perform individually." TEX. GOV'T CODE ANN. § 791.011(a), (c)(2) (Vernon Supp. 2000). Thus, before turning to your question, we examine the authority of these entities individually to provide utility and landfill services and collect payment therefore.

Section 402.001 of the Local Government Code authorizes a municipality to operate a water, sewer, gas or electric utility system inside or outside the municipal boundaries, *see* TEX. LOC. GOV'T CODE ANN. § 402.001(a), (b) (Vernon 1999), and to "regulate the system in a manner that protects the interests of the municipality," *id.* § 402.001(b). A municipality may sell services to any person outside its boundaries and may contract with persons outside its boundaries to permit them to connect with those utility systems on terms the municipality considers to be in its best interest. *Id.* § 402.001(c). Section 402.0025 provides that a municipality may not require a customer to pay for utility service previously furnished to another customer at the same service connection or require a customer's bill to be guaranteed by a third party as a condition of connecting or continuing service. *See id.* § 402.0025(a), (b). A municipality may require varying utility deposits for customers. *See id.* § 402.0025(c). Furthermore, a municipality may by ordinance impose a lien against an owner's property for delinquent bills. *See id.* § 402.0025(d). Chapter 402 does not provide any other mechanism for collecting delinquent payments.

Chapter 364 of the Health and Safety Code, the County Solid Waste Control Act, is intended to authorize cooperative efforts by counties and various "public agencies," including municipalities, special districts, other political subdivisions and state agencies, "for the safe and economical collection, transportation, and disposal of solid waste to control pollution in this state." TEX. HEALTH & SAFETY CODE ANN. § 364.002 (Vernon 1992); *see also id.* §§ 364.001 (providing that chapter may be cited as the "County Solid Waste Control Act"); 364.003 (defining "public agency"). As this office has recognized, chapter 364 delegates to cities, counties and other political subdivisions police power to protect public health and safety by providing for garbage collection and waste disposal. *See* Tex. Att'y Gen. LO-97-037, at 1 ("The regulation of garbage collection and waste disposal, which implicates public health and safety, is a police power vested in the state. The

legislature has delegated this power to municipalities, counties, and other public agencies pursuant to chapter 364 of the Health and Safety Code.") (citations and footnote omitted).

Under chapter 364, a public agency or county may offer solid waste disposal service to persons in its territory, require the use of the service by those persons, and charge fees for the service. *See* TEX. HEALTH & SAFETY CODE ANN. § 364.034(a)(1), (2), (3) (Vernon 1992). Section 364.034(b) provides that a public agency or county may suspend service to a person who is delinquent in payment of solid waste disposal service fees until the delinquent fee is fully paid. *See id.* § 364.034(b). This provision authorizes a public agency or county to suspend service to a person who is delinquent in payment of solid waste disposal service fees provided by the agency or county. It does not authorize a public agency or county to suspend service to a person who is delinquent in paying for services provided by another agency or county.

In addition to these statutes authorizing cities and other entities to take certain actions against persons who are delinquent in paying for services, courts have recognized that cities have implied authority, based on their police power to protect public health and safety, to enforce ordinances related to garbage collection. In *City of Breckenridge v. Cozart*, 478 S.W.2d 162 (Tex. Civ. App.– Eastland 1972, writ ref'd n.r.e.), the court considered the authority of a home-rule city to enforce an ordinance that provided that the city would discontinue water service to customers who refused to pay for garbage collection service. The court concluded that the city ordinance was a valid and reasonable exercise of the city's inherent police power to protect public health and safety. *See id.* at 165. In reaching this conclusion, the court relied heavily on a Kentucky case that concluded that a similar ordinance was permissible because the city provided water, sewer, and garbage disposal services for health and sanitation purposes and the services were "'closely related from a sanitation standpoint.'" *Id.* (citing *Cassidy v. City of Bowling Green*, 368 S.W.2d 318 (Ky. Ct. App. 1963)). The court also noted that since the trial of the lawsuit, the Texas Legislature had enacted a statute, the statutory predecessor to section 364.034(b) of the Health and Safety Code, that expressly permitted a public agency or county to enforce collection of solid waste disposal fees by "'suspend[ing] service from any or all other utilities owned or operated by it to any person who may become delinquent in payment of solid waste disposal service fees.'" *Id.* (citing former article 4477-8, section 13 of the Revised Civil Statutes).

More recently, in *Grothues v. City of Helotes*, 928 S.W.2d 725 (Tex. App.–San Antonio 1996, no writ), the court concluded that a general-law city may enforce payments to its garbage-collection franchise by fining residents who refuse to pay. A resident contended that the city was not authorized to enact an ordinance imposing fines for failure to pay garbage-collection fees and that it was limited to suspending the service of residents who refused to pay for garbage-collection service, as provided in section 364.034(b) of the Health and Safety Code. *See id.* at 727-28. The court concluded that suspension of service was not the only means available to the city to encourage payment of delinquent garbage-collection bills: "The legislature and the courts have long recognized the importance of garbage disposal to the enhancement of health and safety. The enforcement of a comprehensive garbage collection plan such as the City has adopted is clearly within the police power granted to all municipalities." *Id.* at 729.

In sum, a municipality that operates a water, gas, sewer, or electric utility under chapter 402 of the Local Government Code may require varying utility deposits for customers and may by ordinance impose a lien against an owner's property for delinquent bills. *See* TEX. LOC. GOV'T CODE ANN. § 402.0025(c), (d) (Vernon 1999). A county or other public agency, including a city, providing solid waste disposal services under chapter 364 of the Health and Safety Code may suspend service to a person who is delinquent in payment of solid waste disposal service fees until the delinquent fee is fully paid. *See* TEX. HEALTH & SAFETY CODE ANN. § 364.034(b) (Vernon 1992). A city, and other entities exercising health and sanitation police powers delegated by the state, may also suspend other health and sanitation related services it provides, such as water or sewer service, until the delinquent solid waste disposal fee is paid. *See City of Breckenridge v. Cozart*, 478 S.W.2d 162; *see also* Tex. Att'y Gen. LO-97-037, at 1 (recognizing that the regulation of garbage collection and waste disposal implicates public health and safety and is a police power vested in the state that the legislature has delegated to municipalities, counties, and other public agencies pursuant to chapter 364 of the Health and Safety Code). Finally, a city may, in the exercise of its municipal police power, impose fines against customers who refuse to pay garbage collection fees. *See Grothues v. City of Helotes*, 928 S.W.2d 725. We also note that some utilities at issue in your request may be governed by sources of law not mentioned in your letter, such as chapter 13 of the Water Code, and regulations promulgated by state agencies, such as the Texas Natural Resource Conservation Commission. *See, e.g.*, TEX. WATER CODE ANN. §§ 13.041 (Vernon 2000) (authorizing Texas Natural Resource Conservation Commission to adopt rules regulating certain water and sewer utilities); 13.042 (municipal jurisdiction); 13.250 (establishing certain conditions under which retail public utility may discontinue service). In our review of the statutes and cases, however, we have found nothing authorizing a city or other political subdivision to deny utility or solid waste disposal services to a customer because the customer is delinquent in paying for similar services provided by another city or political subdivision. Nor, conversely, have we found anything authorizing a city or political subdivision that is owed payments from a former customer to enforce collection of those payments by arranging for another entity to withhold services from the customer.

We now turn to your specific question. You ask about the permissibility under the Interlocal Cooperation Act of an agreement between cities operating water, sewer, gas or electric utility systems under chapter 402 of the Local Government Code, and cities, counties, and other entities operating solid waste disposal systems under chapter 364 of the Health and Safety Code. Pursuant to the agreement, each party would agree to collect unpaid utility and landfill service fees owed to other participating local governments from a customer requesting service from it and to deny service to the customer until the outstanding balance with other participating local governments had been remitted. We conclude that the Interlocal Cooperation Act does not authorize such an agreement.

The Interlocal Cooperation Act, chapter 791 of the Government Code, authorizes local governments to contract or agree "to perform governmental functions and services." TEX. GOV'T CODE ANN. § 791.011(a) (Vernon Supp. 2000). Parties are authorized to contract to "provide a governmental function or service that each party to the contract is authorized to perform individually." *Id.* § 791.011(c)(2). The phrase "governmental functions and services" is defined to include "all or part of a function or service" in a number of areas including, for example, public

health and welfare and waste disposal. *See id.* § 791.003(3) (Vernon 1994). The main purpose of the agreement you describe, however, is not for local governments to provide such governmental functions or services to each other. Rather, it involves an agreement whereby the participating local governments would agree to withhold services from third parties to force them to pay debts owed to the other parties to the agreement. We do not believe that an agreement to withhold services from third parties constitutes an agreement to provide other local governments "a governmental function or service" for purposes of the Interlocal Cooperation Act.

In addition, the proposed agreement does not involve a governmental function or service "that each party to the contract is authorized to perform individually." Neither chapter 402 of the Local Government Code nor chapter 364 of the Health and Safety Code authorizes a governmental entity operating a utility or providing solid waste disposal services to deny services to a customer because he or she has an outstanding balance for utility or solid waste disposal services provided by another governmental entity. Nor does either statute authorize a city or political subdivision that is owed payments from a former customer to enforce collection of those payments by arranging for another entity to withhold services from the customer. Moreover, we do not believe this authority is implicit in an entity's police powers. Municipal police power authorizes a city to protect public health and safety within its jurisdiction by insisting that those within its statutory jurisdiction use and pay for garbage collection and other health and sanitation related services. A city's police power is limited to protecting the health and safety within its statutory jurisdiction and does not extend to protecting public health and safety in other parts of the state. The police power delegated to counties, cities, and other local agencies under chapter 364 of the Health and Safety Code is similarly limited.

The Interlocal Cooperation Act, which authorizes local governments to "provide a governmental function or service that each party to the contract is authorized to perform individually," does not provide a mechanism for a city or any other local government to extend its police power beyond its statutory jurisdiction. Nor does the Act permit a local government to delegate to another entity a power it does not have. *See* Tex. Att'y Gen. Op. No. JM-191 (1984) at 1 ("The Interlocal Cooperation Act in itself does not confer upon a governmental body any additional substantive authority to perform particular acts."); Tex. Att'y Gen. LO-97-055, at 3 n.3 ("We have found no support for the proposition that the Interlocal Cooperation Act allows a city to extend its authority [to enforce ordinances outside its territorial limits] solely by agreement."). We believe that the authority to enforce collection of delinquent payments owed to an entity by a former customer by having another entity withhold services from the customer must be expressly provided by the legislature, as must the authority of an entity to deny utility or solid waste disposal services to a customer because the customer is delinquent in paying for similar services provided by another city or political subdivision. Only when local governments are authorized to exercise such powers individually and these powers are legislatively defined as "governmental functions or services" will local governments be authorized to contract under the Interlocal Cooperation Act to exercise such powers on each others' behalf.

## S U M M A R Y

Local governments that operate utilities or sanitary landfills may not enter into an interlocal cooperation contract under the Interlocal Cooperation Act, TEX. GOV'T CODE ANN. ch. 791 (Vernon 1994 & Supp. 2000), whereby the parties to the contract would agree to collect unpaid fees owed to the other parties and to refuse service to customers who owe fees to the other parties, because an agreement to withhold services from third parties is not an agreement between local governments to provide to each other "a governmental function or service that each party to the contract is authorized to perform individually," *see id.* § 791.011(c)(2) (Vernon Supp. 2000).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee